BOARD OF STATE TEACHERS RETIREMENT SYSTEM OF OHIO, APPELLANT, *v.* CUYAHOGA FALLS CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE, ET AL.*

(No. 11749—Decided February 27, 1985.)

*Anthony J. Celebrezze, Jr.,* attorney general, and *Toba Jeanne Feldman,* for appellant.

*Dennis M. Whalen,* for appellee.

GEORGE, J. The plaintiff-appellant, Board of State Teachers Retirement System of Ohio ("board"), appeals the judgment of the trial court dismissing its complaint. This court reverses that judgment.

The board filed a declaratory judgment action against the defendant-appellee, Cuyahoga Falls City School District ("school district"), and certain unknown defendants, seeking a declaration of the school district's responsibility with respect to remitting retirement contributions to the State Teachers Retirement System ("STRS") for

___

* Reporter's Note: A motion to certify the record to the Supreme Court of Ohio was overruled on June 19, 1985 (case No. 85-642).

substitute teachers and home instructors. In particular the board alleged that the school district failed to enroll substitute teachers and home instructors in the retirement system, failed to deduct and remit the required retirement contributions, and failed to certify the names of those members to STRS as required by R.C. Chapter 3307.

The school district answered and raised several defenses including the board's standing to bring such an action. Discovery was conducted and both parties moved for summary judgment. The trial court dismissed the board's complaint on the basis that the board had no standing to maintain a declaratory judgment action.

In *Board of State Teachers Retirement Sys. of Ohio* v. *Cuyahoga Falls City School Dist.* (Apr. 27, 1983), Summit App. No. 10871, unreported, this court reversed that decision, holding that the board was a "person" under the Declaratory Judgment Act. As such, the board had standing to commence and maintain an action for declaratory relief. A motion to certify the record was filed with the Ohio Supreme Court and was denied.

Thereafter, both parties again filed motions for summary judgment. The trial court once again dismissed the board's complaint, finding that the board had been authorized to determine, in all cases of doubt, which teachers are included in the statutory classification of "teachers," pursuant to R.C. 3307.01 (B). Since the board had not made such a determination in this instance, the trial court concluded that no case or controversy existed. The board appeals from this judgment raising the following assignment of error:

"The court of common pleas erred in dismissing plaintiff-appellant's complaint on the ground that plaintiff-appellant, rather than the court, was required to make a determination as to whether certain teachers were

'teachers' for purposes of Chapter 3307, Ohio Revised Code."

The board first argues that the trial court erred in dismissing its complaint for failing to state a cause of action. R.C. 3307.59 requires each school district to certify to the board the names of all "teachers" who should be included in the retirement system. R.C. 3307.01(B) provides in part:

"* * * In all cases of doubt, the state teachers retirement board shall determine whether any person is a teacher, and its decision shall be final."

But, R.C. 3307.63 requires further:

"Each employer shall keep such records and shall furnish such information and assistance to the state teachers retirement board as it requires in the discharge of its duties."

Clearly, the statutory scheme places the burden on the school district to raise any doubts originally regarding eligibility for membership in STRS. The board cannot be expected to inquire into the correctness of the school district's certified list if it is not even aware of the existence of certain employees who may be entitled to membership. Such was the case here, where the school district failed to furnish the board with the names of individuals employed as substitute teachers and home instructors, as required under R.C. 3307.59 and 3307.63. Since the board was not made aware of any "cases of doubt," it could not make any determination regarding whether or not these individuals were teachers who were to be included in the retirement system. Accordingly, the trial court erred in dismissing the complaint.

The board next argues that substitute teachers and home instructors are "teachers" as defined in R.C. 3307.01 (B). For purposes of R.C. Chapter 3307, the word "teacher" is defined in R.C. 3307.01(B) to include any person who has the following attributes:

(1) is paid from public funds;

(2) is employed in the public schools of the state;

(3) is under any type of contract described in R.C. 3319.08; and,

(4) occupies a position for which a certificate is required under R.C. 3319.22 to 3319.31.

A person who so qualifies is a member of STRS. R.C. 3307.01(E).

Prior to November 13, 1965, R.C. 3307.01(B) referred to teachers as those persons who were "regularly employed." The phrase "regularly employed" was then amended to read "employed." Thus, prior to the 1965 amendment to R.C. 3307.01(B), substitute teachers and other casual teachers were not included within the statutory definition of "teachers" for purposes of R.C. Chapter 3307.

When the 1965 amendment to R.C. 3307.01(B) deleted the word "regularly," a question was raised as to the scope of the amended language. Implicit in the language of several Ohio Attorney General Opinions is recognition of substitute teachers as "teachers" in the statutory scheme. See 1968 Ohio Atty. Gen. Ops. No. 68-120, at 2-170; 1970 Ohio Atty. Gen. Ops. Nos. 70-042 and 70-129, at 2-69 and 2-248. These opinions were issued to provide guidance to school districts operating under the statute.

Since the amendment of R.C. 3307.01(B) in 1965, the board has interpreted the statute to mean that a substitute teacher is a "teacher"within the meaning of R.C. Chapter 3307 and is entitled to membership in STRS. In application, various school districts have determined that they are mandated to collect and remit teacher and employer contributions for such teachers.

The school district here, however, has argued that its substitute teachers and home instructors are employed

under a different scheme of employment: a contract for casual employees as authorized by R.C. 3319.10. The school district contends that since the substitute teachers and home instructors within its system are hired as casual employees, they are not members of STRS. Thus, no contributions are required to be made on their behalf.

The school district admits that it is a public school of the state, and that it pays its employees from public funds. Further, in answer to interrogatories propounded to it, the school district admits that its substitute teachers and home instructors are employed under a written contract as required by R.C. 3319.10, and that they are certificated. That leaves only one aspect of the four-prong definition of "teacher" set forth in R.C. 3307.01(B) still in question: Is an R.C. 3319.10 contract one of the types of contracts described in R.C. 3319.08?

The contract used by the school district for employment of substitute teachers and home instructors reads in part:

"The aforesaid substitute teacher agrees to serve in the public schools of the Cuyahoga Falls City School District as and when assigned during the school term adopted by the Board of Education for the contract year indicated above, and also agrees to abide by and maintain the rules and regulations adopted by said Board for the government of the schools in the District and subject to *Section 3319.10 of the Ohio Revised Code.*" (Emphasis added.)

R.C. 3319.10 is the section which permits the *school district to employ* substitutes and other casual teachers. However, R.C. 3307.01(B) defines the word "teacher" for STRS purposes as one who is employed under *"any type* of contract described in * * * [R.C.] 3319.08."* (Emphasis added.) And R.C. 3319.08 describes only two types of contracts under which all teachers must be employed:

"The board of education of each city * * * shall enter into written contracts for the employment * * * of *all teachers.* * * *

"'* * *

"Contracts for the employment of teachers shall be of *two types, limited contracts and continuing* contracts. * * *"" (Emphasis added.)

The "limited" contract then under which substitute teachers and home instructors are employed under R.C. 3319.10 is clearly one of the two types provided in R.C. 3319.08. See, generally, *Crawford* v. *Bd. of Edn.* (1983), 6 Ohio St. 3d 324, 326-327. Therefore, substitute teachers and home instructors are within the R.C. 3307.01(B) definition of "teachers." The fact that the contract recites that it is authorized by another code section does not detract from its substantive nature as a limited contract. Accordingly, substitute teachers and home instructors are "teachers" for purposes of membership in STRS.

The record shows that the school district did not advise all of its teachers of their eligibility for membership in STRS, as required under R.C. 3307.58; nor did it provide the board with a list of its substitute teachers and home instructors, as required under R.C. 3307.59. Such failures denied these teachers access to an important employment benefit. Additionally, by failing to provide teachers' names to STRS, the school district prevented the board from determining on a case-by-case basis the membership status of these individuals.

The school district's policy is reflected in the following excerpt from the deposition of David W. Cool, the school district's clerk-treasurer:

"Q. If a substitute teacher wished to become a member of STRS, have you

suggested any method by which they [*sic*] could become a member?

"A. Yes.

"Q. And what is that method?

"A. Find employment in another school district.

"Q. You are suggesting that they not accept employment in Cuyahoga Falls?

"A. That is correct."

The school district chose to place a strained interpretation upon R.C. 3307.01(B): that it had no obligation to provide STRS with the names of those teachers employed as substitute teachers and home instructors, and that it had no obligation to collect or remit contributions for retirement benefits for such teachers. This position not only eliminated payment of the school district's contribution as employer, but also deprived STRS of the contribution of those substitute teachers and home instructors who should have been included.

Therefore this court finds that the school district should be liable for the contributions it should have made to STRS. See, generally, *State, ex rel. Local Union 377*, v. *Youngstown* (1977), 50 Ohio St. 2d 200 [4 O.O.3d 387]. Accordingly, the judgment of the trial court is reversed. This case is remanded to the trial court to determine which teachers should be included in the retirement system and the magnitude of the school district's liability.

*Judgment reversed and cause remanded.*

MAHONEY, P.J., and COX, J., concur.

COX, J., of the Seventh Appellate District, sitting by assignment in the Ninth Appellate District.