The STATE EX REL. PALMER, Appellant,

v.

STATE TEACHERS RETIREMENT BOARD et al., Appellees.

[Cite as *State ex rel. Palmer v. State Teachers Retirement Bd.* (1993), 90 Ohio App.3d 497.]

Court of Appeals of Ohio,
Franklin County.

No. 93AP–185.

Decided Sept. 23, 1993.

*Martin, Pergram, Browning & Parker Co., L.P.A.*, and *James M. Dietz*, for appellant.

*Lee Fisher*, Attorney General, and *Michael W. Gleespan*, Assistant Attorney General, for appellee State Teachers Retirement System.

*Lee Fisher*, Attorney General, and *William Damsel*, Assistant Attorney General, for appellee Public Employees Retirement System.

---

PETREE, Judge.

This is an appeal from a judgment of the Franklin County Court of Common Pleas, which granted partial summary judgment to relator, Rita Palmer, in conjunction with her state teacher's pension claim. Relator has appealed the trial court's judgment and raises the following assignments of errors for our review:

"A. The trial court committed prejudicial error in determining that appellant was not eligible to purchase service credit pursuant to O.R.C. § 3307.32(A)(1).

"B. The trial court committed prejudicial error in determining that appellant was not eligible to purchase service credit pursuant to O.R.C. § 3307.411.

"C. The trial court committed prejudicial error in determining that appellant was exempt from compulsory PERS membership for her 1972 and 1973 public employment."

Relator filed the instant action for a writ of mandamus and a declaratory judgment in the common pleas court seeking to establish her entitlement to purchase retirement credits from respondent, the State Teachers Retirement Board of Ohio ("STRB"). In her complaint, she alleges that she is currently a teacher employed by the North Canton Board of Education and that she is a member of the State Teachers Retirement System ("STRS"). She further alleges that from September 21, 1971 to June 8, 1973, she was employed as a graduate assistant teaching freshman English at Miami University of Oxford, Ohio. Because of this state employment, her attorneys submitted an application to STRS so that she could purchase pension credit for her public service at Miami University. However, STRS denied relator's application on August 27, 1991 for the reason that, in September 1971, relator signed a request for an optional exemption from membership in the Public Employees Retirement System ("PERS"), as she was a part-time employee. This irrevocable exemption forever barred her from claiming credit for her period of service.

Nevertheless, relator filed the instant suit claiming that she could (1) purchase two years of "teaching service" credit under R.C. 3307.32(A)(1), or (2) purchase two years of "other Ohio public service" credit under R.C. 3307.411. Respon-

dents STRB and Public Employees Retirement Board ("PERB") filed answers to the complaint, claiming that relator failed to state a claim and alternatively that the claim was barred by laches in any event. Relator and respondent STRB then filed cross-motions for summary judgment. Along with her motion, relator submitted her September 14, 1971 "Request for Optional Exemption as Part-time Employee." This document, which was signed by relator, indicates that her Miami University service began on September 21, 1971, that the governmental unit that the service was performed for was the state of Ohio, that the division or department that she was working for was Miami University, that the title or position at which she was employed was as a graduate assistant, and that the hours which she was employed per week were set at eighteen. This document also contained the following language:

"To the Public Employees Retirement System:

"In accordance with the provisions of Section 145.03, Revised Code of Ohio (as amended 8/1/59), which provides 'any new employee, not a member at the time of his employment, whose employment will not exceed twenty hours per week, may be exempted from compulsory membership by filing a written application for exemption with the public employees retirement board within one month after being employed. Such an application for exemption, when approved, shall be irrevocable while the employee continuously is employed in such part-time capacity and the employee shall forever be barred from claiming or purchasing membership rights or credit for the particular period covered by such exemption,' I hereby request optional exemption from membership in the retirement system. I understand that by exempting myself I shall never be able to claim credit for this period of service.

"  *   *   *

"NOTE:

"If this exemption is approved and the hours are increased beyond twenty (20) hours per week, the exemption is void and membership must be established. The statutes provide 'Any employee who is, or becomes a member must continue such membership as long as he is a public employee, even though he may be in, or transferred to an exempted class or group.'

"  *   *   *

"NOTE BY PAYROLL OFFICER

"It is understood that if this request is approved by the Retirement Board, the second copy of this application will be stamped 'APPROVED' and will be returned to me. After the certification of approval is received, no deductions need be taken from the applicant's salary. Membership will be established if employment exceeds twenty (20) hours per week."

Relator also attached respondents' admission that relator did not execute any other such exemption or a similar request during her employment with Miami University. Relator further submitted her own affidavit averring that though she executed the exemption in September 1971, she did not thereafter waive any rights to purchase STRS service credit. She stated that as part of her teaching responsibilities with Miami University, she was required to perform all services for her classes equivalent to any other faculty member at the university.

Respondent STRB filed its own evidence for purposes of summary judgment, including a letter from PERS denying relator the right to purchase credit under R.C. 3307.411 because of her 1971 exemption. STRB also included the "Certification of Other Public Service in Ohio," prepared by Miami University for the application. This document listed relator's 1971 job title as "graduate assistant" and indicated that she signed a written PERS exemption in 1971 and worked from October 1971 to June 1972. For the year 1972, the document again indicated that relator signed a written exemption and worked from October 1972 to June 1973. The payroll supervisor thus certified that relator did not contribute to any Ohio retirement system for the foregoing service.

The trial court rendered its decision on November 24, 1992. The court found no disputed facts and found R.C. 3307.22(A)(2) controlling. Thus, the court found that relator's motion for summary judgment was sustained only because she was entitled to purchase two years of service credit, provided that she do so in accordance with R.C. 3307.22(C) and (D). Relator thereafter appealed to this court.

■ Relator's first argument in opposition to the trial court's judgment is that she was entitled to claim STRS service credit on account of the "teaching service" she performed at Miami University, irrespective of whether she participated in the PERS retirement scheme. We cannot agree.

R.C. 3307.32(A)(1) provides, in pertinent part:

"(A) Service credit purchased under this section *shall* be included in the member's total service credit. *Credit may be purchased for the following:*

"(1) *Teaching service in a public or private school, college, or university of this or another state,* and for teaching service in any school or entity operated by or for the United States government. Teaching credit purchased under this section shall be limited to service rendered in schools, colleges, or universities chartered or accredited by the appropriate governmental agency." (Emphasis added.)

Relator asserts that her employment as a part-time graduate teaching assistant qualifies as "teaching service" in a public university in this state. However, relator has not cited any authority to establish that proposition. Though the term "teaching service" is not defined in R.C. 3307.32 or R.C. Chapter 3307, R.C. 3307.01(B) defines "teacher" as follows:

" 'Teacher' means any person paid from public funds and employed in the public schools of the state under any type of contract described in section 3319.08 of the Revised Code in a position for which he is required to have a certificate issued pursuant to sections 3319.22 to 3319.31 of the Revised Code; and any other teacher or faculty member employed in any school, college, university, institution, or other agency wholly controlled and managed, and supported in whole or in part, by the state or any political subdivision thereof, including Central state university, Cleveland state university, the university of Toledo, and the medical college of Ohio at Toledo. The educational employees of the department of education, as determined by the state superintendent of public instruction, shall be considered teachers for the purpose of membership in this system. In all cases of doubt, the state teachers retirement board shall determine whether any person is a teacher, and its decision shall be final."

Here, relator has failed to provide any law or evidence to qualify her student position under the elements of this statute. Moreover, Ohio Adm.Code 3307–1–11(B) defines the types of credits which may be purchased under R.C. 3307.32 as follows:

"(B) Factors to be used to determine type of service that may be purchased under section 3307.32 of the Revised Code:

"(1) Public school, college or university teaching service—service in a public school located outside the state of Ohio. Type of service will qualify if such school had been located in Ohio and retirement contributions had been amenable to the state teachers retirement system.

"(2) Other public service—service with a governmental agency or subdivision of another state, or the United States federal government. Type of service will qualify if such governmental unit had been with Ohio and service rendered was amenable to retirement contributions covered by the public employees retirement system or the school employees retirement system.

"(3) School operated by or for the United States government—service in any school operated by the direct control of the United States government, or by contract of a third party but under control of the United States government, or primarily a school for employees of the United States government or their dependents.

"(4) Private school, college or university—teaching service with a private school, college or university must meet all of the following categories:

"(a) School, college or university must be recognized by an established accrediting association or governmental agency.

"(b) School, college or university whose educational credits are recognized by a public school, college or university in Ohio.

"(c) School, college or university must be primarily oriented toward preparation for high school graduation, an advanced degree in higher education, or an advanced certification in higher education. Pre-schools, day care centers, private schools oriented primarily to trades and occupations, or self-improvement schools do not qualify under section 3307.32 of the Revised Code."

As the STRB contends, there is no provision for purchase of prior public teaching service by those who do not qualify as "teachers" under R.C. 3307.01(B). Along with the express declaration in R.C. 3307.01(B) that the board's determination of who qualifies as a teacher is "final," we are mindful of our obligation to pay due deference to the reasonable administrative construction of the rule and statute here. *State ex rel. Richard v. Bd. of Trustees of the Police & Firemen's Disability & Pension Fund* (Aug. 24, 1993), Franklin App. No. 92AP–1722, unreported, 1993 WL 339859, appeal pending in case No. 93–2121.

■ Relator nevertheless contends that R.C. 3307.411(A) affords her the opportunity to purchase other Ohio public service credit. This provision states:

"A member of the state teachers retirement system shall, in computing years of total service, be given full credit for time served in an Ohio police or fire department and covered under Chapter 742. or former Chapter 521. or 741. of the Revised Code, in the state highway patrol and covered under Chapter 5505. of the Revised Code, *in the public employees retirement system under Chapter 145. of the Revised Code,* or in the school employees retirement system under Chapter 3309. of the Revised Code, provided that the member pays to the state teachers retirement system the amount specified in division (B) of this section." (Emphasis added.)

Indeed, under this statute, STRS members may obtain credit for "time served * * * in the public employees retirement system under [R.C.] Chapter 145 * * *." As respondents concede, relator's employment at Miami University, a state institution of higher learning, would qualify her as a "public employee" under R.C. 145.01(A). Thus, she would have been eligible for PERS credit in 1971.

Moreover, as noted in *Lancaster v. Pub. Emp. Retirement Sys.* (1987), 40 Ohio App.3d 135, 532 N.E.2d 144, R.C. 145.03 makes PERS membership mandatory for all public employees. But for certain part-time workers and students, which was relator's situation, membership is optional so long as a written exemption is filed within the first month of employment.

R.C. 145.03 provided:

"A public employees retirement system is hereby created for the employees of the state and of the several local authorities mentioned in section 145.01 of the Revised Code. *Membership in the system shall be compulsory and shall consist of all public employees upon being appointed. Provided, a student whose employment will not exceed eight hundred hours in any calendar year or any new employee, not a member at the time of his employment, whose employment will not exceed twenty hours per week, may be exempted from compulsory membership by filing a written application for exemption with the public employees retirement board within one month after being employed. Such an application for exemption, when approved, shall be irrevocable while the employee continuously is employed in such part-time capacity and the employee shall forever be barred from claiming or purchasing membership rights or credit for the particular period covered by such exemption.* Any employee who is or who becomes a member must continue such membership as long as he is a public employee, even though he may be in or transferred to an exempted class or group." (Emphasis added.) See 128 Ohio Laws 162.

Here, relator did execute a written exemption for her graduate assistant teaching position. Thus, as recognized by both R.C. 145.03 and on the exemption she signed, her exemption for her employment was irrevocable as long as she was continuously employed part-time. Indeed, the evidence in the record submitted by the payroll officer at Miami University indicates that relator never exceeded the part-time status in terms of weekly or yearly hours. Thus, contrary to relator's contention, she did not need to execute any new exemption for the 1972–1973 school year. Though she asserts that an exemption had to be signed for each *year* of employment, we do not accept that construction of the statute or the evidence. It is reasonable to conclude that relator was *continuously* employed in her graduate assistant position, there being no evidence to the contrary.

Given that it is relator's burden to establish entitlement to the benefit of credit for the service, we conclude that the signed exemption in the record sufficed to cover both the 1971–1972 and the 1972–1973 school years. Accordingly, relator did not establish "time served" in the PERS under R.C. 3307.411(A) in order to qualify for other Ohio public service credit.

This reasoning is especially cogent in light of the recent passage of R.C. 3307.22, which provides:

"(A)(1) Except as provided in division (A)(2) of this section, a member of the state teachers retirement system with at least eighteen months of contributing service in the system, the public employees retirement system, or the school employees retirement system who exempted himself from membership in one or more of the systems pursuant to section 145.03, or 3309.23 of the Revised Code, or former section 3307.25 or 3309.25 of the Revised Code, or was exempt under section 3307.27 of the Revised Code, may purchase credit for each year or portion of a year of service for which he was exempted.

"(2) A member may not purchase credit under this section for service that was exempted from contribution under section 3307.27 of the Revised Code and subject to the tax on wages imposed by the 'Federal Insurance Contributions Act,' 68A Stat. 415 (1954), 26 U.S.C.A. 3101, as amended."

This provision expressly allows persons who exempted themselves from PERS membership, such as relator, to pay for the credit at the rate established by STRS. Thus, relator may purchase credit for her service as a graduate assistant at Miami University under R.C. 3307.22(C) and (D).

For the foregoing reasons, relator's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

DESHLER and REILLY, JJ., concur.

ARCHER E. REILLY, J., retired, of the Tenth Appellate District, sitting by assignment.