THE STATE EX REL. RYAN *v.* STATE TEACHERS RETIREMENT SYSTEM ET AL.

[Cite as *State ex rel. Ryan v. State Teachers Retirement Sys.* (1994), 71 Ohio St.3d 362.]

(No. 94–1412—Submitted November 29, 1994—Decided December 23, 1994.)

*John D. Ryan,* for relator.

*Lee Fisher,* Attorney General, and *Michael W. Gleespen,* Assistant Attorney General, for respondents State Teachers Retirement System and State Teachers Retirement Board.

*Lee Fisher*, Attorney General, and *Christopher S. Cook*, Assistant Attorney General, for respondents School Employees Retirement System and School Employees Retirement Board.

---

*Per Curiam.* Respondents agree that Ryan does not have an adequate alternative remedy and that mandamus is the proper vehicle to determine her claims. See *State ex rel. Madden v. Windham Exempted Village School Dist. Bd. of Edn.* (1989), 42 Ohio St.3d 86, 88, 537 N.E.2d 646, 647 (claim by public employee of entitlement to wages or benefits granted by statute actionable in mandamus); *State ex rel. Kmart v. Westlake Planning Comm.* (1994), 68 Ohio St.3d 151, 158, 624 N.E.2d 714, 720 (declaratory judgment not an adequate remedy where incomplete without a mandatory injunction). Respondents dispute whether Ryan has established a clear legal right to the relief requested and a corresponding clear legal duty on their part to provide it.

Service credit is an important criterion for determining eligibility for retirement and the amount of retirement benefits, and STRS members may purchase service credit for certain state or federal employment not covered by STRS. See Buchter, Scriven & Sheeran, Ohio School Law (1993) 215–216, Sections 11.12 and 11.13. Ryan contends that she is entitled to purchase credit for her 1.222 years of nonteaching service with the Cleveland School District under R.C. 3307.411, which provides:

"(A) A member of the state teachers retirement system shall, in computing years of total service, be given full credit for time served * * * in the school employees retirement system under Chapter 3309. of the Revised Code, provided that the member pays to the state teachers retirement system the amount specified in division (B) of this section.

"(B)(1) * * * [F]or each year of service purchased under division (A) of this section, a member shall pay the amount he would have paid through regular salary deductions had he been a member of the state teachers retirement system during his prior employment, with compound interest as determined by the state teachers retirement board.

" * * *

"A member is ineligible to purchase under this section service that is used in the calculation of any retirement benefit currently being paid or payable in the future to the member."

STRS, however, refused Ryan's request to purchase service credit under R.C. 3307.411 and advised her that she could only purchase this credit pursuant to R.C. 3307.22, which provides:

"(A)(1) * * * [A] member of the state teachers retirement system with at least eighteen months of contributing service in the system, the public employees retirement system, or the school employees retirement system who exempted himself from membership in one or more of the systems pursuant to section 145.03, or 3309.23 of the Revised Code, or former section 3307.25 or 3309.25 of the Revised Code, or was exempt under section 3307.27 of the Revised Code, may purchase credit for each year or portion of a year of service for which he was exempted.

" * * *

"(B) For each year or portion of a year of credit purchased under this section, a member shall pay to the retirement system an amount determined by multiplying the member's compensation for the twelve months of contributing service preceding the month in which he applies to purchase the credit by a percentage rate established by rule of the state teachers retirement board adopted under division (F) of this section."

R.C. 3307.22 expressly allows persons who exempted themselves from membership in one of the specified retirement systems to pay for service credit at the rate established by STRB. *State ex rel. Palmer v. State Teachers Retirement Bd.* (1993), 90 Ohio App.3d 497, 504, 629 N.E.2d 1377, 1381. Ryan wants to purchase 1.222 years of service credit under R.C. 3307.411 rather than R.C. 3307.22, which would cost her substantially more. Respondents assert that R.C. 3307.22 applies because Ryan, a member of STRS, exempted herself from membership in SERS during her employment with the Cleveland School District pursuant to former R.C. 3309.25. The applicable version of former R.C. 3309.25 provided:

"The school employees retirement board may deny the right to become members to any class of employees who are on a temporary basis, and it may also make optional with employees in any such class their individual entrance into membership." 126 Ohio Laws 1083.

Respondents claim that Resolution Nos. 104–4 and 126 were passed pursuant to SERBD's authority under former R.C. 3309.25. If these resolutions were effective, Ryan's employment with the Cleveland School District would not have been covered by SERS. However, at the time the resolutions were purportedly adopted by SERBD, R.C. 111.15 provided:

"No rule or regulation adopted by any board, commission, department, division, or bureau of the government of the state shall be effective until the tenth day after it is promulgated by the filing of a certified copy thereof in the office of the secretary of state, except a rule or regulation of an emergency nature necessary for the immediate preservation of the public peace, health, or safety, which rule

or regulation shall state the reason for such necessity and shall become effective immediately upon being promulgated as provided in this section.

*"No rule or regulation of any board, commission, department, division, or bureau of the government of the state shall be effective after October 15, 1941, unless expressly promulgated as provided in this section."* (Emphasis added.)

While respondents concede that the resolutions were never filed with the Secretary of State as required by R.C. 111.15, they claim that R.C. 111.15 was inapplicable because SERBD possessed "explicit statutory authority" under former R.C. 3309.25. Nevertheless, while SERBD could pass resolutions under the authority of former R.C. 3309.25, the statute did not detail any procedure to do so.

The General Assembly "established procedures which most state administrative agencies must follow in adopting, amending or repealing rules." Ohio Administrative Law Guide and Directory (1994) 18, Section 2.03. R.C. Chapter 119, the Ohio Administrative Procedure Act, applies to most state administrative agencies, and R.C. 111.15 specifies the rulemaking procedure for most agencies not covered by R.C. Chapter 119. *Id.* SERS is not one of the agencies specified in R.C. Chapter 119, but is covered by R.C. 111.15. "No rule or regulation of the School Employees Retirement System shall be effective unless promulgated and filed in accordance with the provisions of Section 111.15, Revised Code." *State ex rel. Bd. of Edn. of N. Canton Exempted Village School Dist. v. Holt* (1962), 174 Ohio St. 55, 21 O.O.2d 325, 186 N.E.2d 862, paragraph one of the syllabus.

In *Holt,* this court held that a resolution adopted by SERBD making school bus drivers members of SERS was ineffective because it was not filed with the Secretary of State. Similarly, the resolutions adopted by SERBD in the instant case were not filed with the Secretary of State. Although the current version of R.C. 111.15(A) contains a definition of "rule" as used in the statute, the applicable version of R.C. 111.15 did not. "Words used in a statute must be taken in their usual, normal or customary meaning." *State ex rel. Richard v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund* (1994), 69 Ohio St.3d 409, 412, 632 N.E.2d 1292, 1295. A "rule" is "[a]n established standard, guide, or regulation" and a "regulation" is a "[r]ule of order prescribed by superior or competent authority relating to action of those under its control." Black's Law Dictionary (6 Ed.1990) 1331 and 1286.

Under *Holt,* the disputed resolutions were invalid rules and regulations because they were not promulgated in accordance with R.C. 111.15. Therefore, R.C. 3307.22 does not apply to Ryan's purchase of prior service credit because Ryan did not exempt herself from SERS membership pursuant to former R.C. 3309.25 and the resolutions passed by SERBD were invalid.

Respondents claim that even if the resolutions were invalid, R.C. 3307.411 still does not apply to Ryan's attempted purchase because she did not accumulate any "time served" in SERS, since she was not a member of any public retirement system and neither she nor her employer, the Cleveland School District, made the required contributions into SERS during her employment as a switchboard operator and playground supervisor. R.C. 3307.411 allows a member of STRS to purchase credit for "time served" in SERS. "In construing a statute, a court's paramount concern is the legislative intent in enacting the statute." *State v. S.R.* (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323.

Since Ryan's membership in SERS was compulsory in the absence of either a request for exemption or a valid resolution adopted under former R.C. 3309.25, see R.C. 3309.23(A) (membership of SERS consists of all employees in service except employees who have filed with employer a written request for exemption), her employment constituted "time served" in SERS even in the absence of payment of compulsory contributions. To the extent the phrase "time served" is subject to differing interpretations, the phrase is to be construed liberally in favor of the interests of the public employees that the pension statutes were designed to protect. *State ex rel. Teamsters Local Union 377 v. Youngstown* (1977), 50 Ohio St.2d 200, 205, 4 O.O.3d 387, 390, 364 N.E.2d 18, 21.

R.C. 3307.41 provides a no-cost option for STRS members to combine total contributions and service credit in all specified retirement systems, including SERS, in determining eligibility for benefits. Therefore, if R.C. 3307.411 were construed to require contributions to SERS in order to purchase SERS service credit, it would render R.C. 3307.41 partially nugatory. In addition, it would be incongruous to hold that the General Assembly intended that all STRS members could purchase SERS service credit under R.C. 3307.22 except those who have not exempted themselves from SERS membership.

Respondents contend that deference should be afforded to their interpretation of "time served," citing *State ex rel. Celebrezze v. Natl. Lime & Stone Co.* (1994), 68 Ohio St.3d 377, 382, 627 N.E.2d 538, 542. Respondents claim that SERS was entitled to certify that Ryan did not serve time in SERS during her employment with the Cleveland School District because of the resolutions enacted pursuant to former R.C. 3309.25. However, as previously discussed, these resolutions were invalid. Accordingly, liberally construing R.C. 3307.411, Ryan's past employment with the Cleveland School District constitutes "time served" in SERS.

Respondents further contend that the Cleveland School District is a necessary party to this action because Ohio Adm.Code 3309-1-13(B) provides that "[p]rior to receiving a benefit, the contributor shall be required to make up back contributions for all periods of compulsory service," and Ohio Adm.Code 3309-1-

13(D)(1) provides that "[f]or periods of compulsory service prior to June 30, 1991, the contributor shall pay the employee's share of the back contributions * * *."

However, Ohio Adm.Code Chapter 3309 involves only benefits paid by SERS. In the case at bar, Ryan seeks benefits from STRS and is merely purchasing service credit for her time served with SERS. Neither R.C. 3307.411 nor Ohio Adm.Code 3307–1–14, the applicable statute and administrative rule under which Ryan sought to purchase SERS service credit, conditions her right to purchase on her payment or her employer's payment of past contributions to SERS. Ryan must pay STRS only the amount she would have paid through regular salary deductions had she been an STRS member during her employment with the Cleveland School District, and the amount of compound interest determined by STRB. R.C. 3307.411(B)(1). Therefore, Ohio Adm.Code 3309–1–13 is inapplicable to Ryan's mandamus action, and the Cleveland School District is not a necessary party.

Respondents finally contend that equitable estoppel, laches, and waiver invalidate Ryan's claim for purchase of SERS service credit under R.C. 3307.411 where she had taken no action to receive credit over a thirty-four- to thirty-nine-year period and the pension plans were materially damaged by Ryan's failure to assert her claim sooner.

However, R.C. 3307.411 was not effective until August 20, 1976. 136 Ohio Laws 2190, 2241. This statute specifies no limitations period for purchasing credit for other Ohio public service. There is no indication that Ryan induced SERS to believe that she had waived membership. In fact, it was the error of SERS in failing to properly promulgate its resolutions that undoubtedly created much of the confusion. There is thus no showing of equitable estoppel, since this affirmative defense generally requires actual or constructive fraud, which is not present here. See *State ex rel. Richard, supra,* 69 Ohio St.3d at 414, 632 N.E.2d at 1296.

Respondents' laches argument fails because there is no unreasonable delay or lapse of time on the part of Ryan in asserting her R.C. 3307.411 purchase right and there is no evidence of knowledge on her part of any injury or wrong. See *State ex rel. Cater v. N. Olmsted* (1994), 69 Ohio St.3d 315, 325, 631 N.E.2d 1048, 1056; see, also, *State ex rel. Teamsters Local Union 377, supra,* 50 Ohio St.2d at 204, 4 O.O.3d at 389, 364 N.E.2d at 21 ("employee's right to participate in or to receive benefits from the system cannot accrue until such time as he or she actually elects to retire").

Respondents' assertion of waiver is also meritless, since waiver is a voluntary relinquishment of a known right. *State ex rel. Madden, supra,* 42 Ohio St.3d at 89, 537 N.E.2d at 648. As previously noted, there is no evidence that Ryan knew, either actually or constructively, of her right to purchase service credit with

SERS until she made her request to the Cleveland School District to certify her prior nonteaching employment with it to STRS. Further, there is no indication that she ever voluntarily relinquished this right.

In accordance with R.C. 3307.411 and Ohio Adm.Code 3307-1-14, Ryan has established a clear legal right to the requested relief, and a corresponding clear legal duty on the part of respondents to provide it. Accordingly, we grant a writ of mandamus compelling (1) SERS and SERBD to certify to STRS that Ryan's service with the Cleveland School District was not service for which she had exempted herself from membership, and (2) STRS and STRB to determine the cost to Ryan to purchase 1.222 years of service credit under R.C. 3307.411, to provide her with a statement setting forth the total purchase cost, and to permit purchase in accordance with the R.C. 3307.411 computation.

*Writ granted.*

MOYER, C.J., A.W. SWEENEY, DOUGLAS, WRIGHT, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.