JOURNAL ENTRY AND OPINION
Appellants, Cheryl and Richard Clark, appeal from the judgment of the Cuyahoga County Court of Common Pleas which granted summary judgment in favor of appellees, University Hospitals of Cleveland (UHC) and Dr. Hillard Lazarus. Appellants also appeal from the jury verdict which determined that Dr. Lazarus was not the apparent agent of UHC.
In January 1992, Mrs. Clark was diagnosed with lymphoma after x-rays revealed a large mediastinal mass with tracheal, cardiac, and pulmonary compression. Mrs. Clark came under the care of Dr. Hillard Lazarus, a board-certified oncologist, and received bone marrow transplant treatment at UHC. On August 7, 1996, appellants filed a medical malpractice action against several medical providers, including UHC; however, they did not name Dr. Lazarus as a defendant. In their initial lawsuit, appellants alleged that Mrs. Clark's cancer was diagnosed as lymphoma when it was actually thymoma and that the incorrect diagnosis resulted in a delay in treatment and reduced her chance for a cure. On June 9, 1997, the Clarks voluntarily dismissed their lawsuit.
On June 5, 1998, appellants refiled their lawsuit and added Dr. Lazarus as a defendant. On December 3, 1998, Dr. Lazarus filed a motion for summary judgment which the trial court granted. Subsequently, the Clarks and UHC moved for partial summary judgment on the issue of whether Dr. Lazarus was a direct agent of UHC. The trial court granted partial summary judgment in favor of UHC. On October 2, 2000, the trial court ordered bifurcation of the trial so that the issue of apparent agency could be tried separately with a trial on liability and damages to follow if the jury found in favor of the Clarks. A jury trial commenced on October 10, 2000, and the jury found that UHC could not be held liable under the theory of agency by estoppel. The trial court entered judgment in favor of UHC. From the trial court's judgment, appellants assign the following errors:
 I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF MR. AND MRS. CLARK, WHEN IT RULED THAT PLAINTIFFS WERE NOT ENTITLED TO SUMMARY JUDGMENT AS TO WHETHER DR. LAZARUS WAS THE DIRECT AGENT OF UHOC.
 II. THE TRIAL COURT ERRED, TO THE PREJUDICE OF MR. AND MRS. CLARK, WHEN IT RULED THAT UHOC WAS ENTITLED TO SUMMARY JUDGMENT AS TO WHETHER DR. LAZARUS WAS THE DIRECT AGENT OF UHOC.
 III. THE TRIAL COURT ERRED, TO THE PREJUDICE OF MR. AND MRS. CLARK, WHEN IT REFUSED TO READ THE JURY INSTRUCTION THEY SUBMITTED ON THE ISSUE OF INDEPENDENCE RELATED TO APPARENT AGENCY.
 IV. THE TRIAL COURT ERRED WHEN IT RULED IN FAVOR OF UHOC'S MOTION FOR BIFURCATION OF TRIAL FOR THE ISSUES OF AGENCY AND PROFESSIONAL NEGLIGENCE.
 V. THE TRIAL COURT ERRED WHEN IT RULED IN FAVOR OF DR. LAZARUS' MOTION FOR SUMMARY JUDGMENT ON THE ISSUE OF EXPIRATION OF THE APPLICABLE STATUTE OF LIMITATIONS.
UHC assigns the following errors in their cross-appeal:
 I. THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT AND A DIRECTED VERDICT IN FAVOR OF UHC ON THE QUESTION OF APPARENT AGENCY WHEN OVERWHELMING EVIDENCE ESTABLISHED THAT APPELLANTS — WHO KNEW NOTHING ABOUT UHC — RELIED ON DR. GABRAIL, NOT UHC, IN SELECTING DR. LAZARUS FOR MRS. CLARK'S FURTHER TREATMENT.
 II. THE TRIAL COURT ERRED IN NOT GRANTING SUMMARY JUDGMENT AND A DIRECTED VERDICT IN FAVOR OF UHC ON THE QUESTION OF APPARENT AGENCY ON THE BASIS OF ITS GRANTING OF SUMMARY JUDGMENT TO DR. LAZARUS ON STATUTE OF LIMITATIONS GROUNDS.
Because appellants' first and second assignments of error contain the same argument, they will be addressed together. Appellants allege that the trial court erred by granting summary judgment in favor of UHC on the issue of whether Dr. Lazarus was a direct agent of UHC. They contend that the record is replete with evidence demonstrating an actual agency relationship between Dr. Lazarus and UHC.
Summary judgment is inappropriate unless it appears from the evidence that reasonable minds could come to but one conclusion and that conclusion is adverse to the nonmoving party. In reviewing a motion for summary judgment, the evidence must be construed in a light most favorable to the party opposing the motion. Morris v. Ohio Cas. Ins. Co. (1988), 35 Ohio St.3d 45, 46-47, 517 N.E.2d 904. Summary judgment may be granted only where there exists no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
In Albai n v. Flower Hosp. (1990), 50 Ohio St.3d 251, 553 N.E.2d 1038, overruled on other grounds in Clark v. Southview Hosp. Family Health Ctr. (1994), 68 Ohio St.3d 435, 628 N.E.2d 46, the Ohio Supreme Court discussed the doctrine of respondent superior as it relates to hospitals and physicians. It held that [a] hospital's granting of staff privileges to an independeat private physician * * * does not establish the requisite level of authority or control over such a physician to justify imposing liability against the hospital under the doctrine of respondeat superior. Id. at paragraph one of syllabus. As stated by the Sixth Appellate District in Costell v. Toledo Hosp. (1994), 98 Ohio App.3d 586,649 N.E.2d 35, [t]he primary distinguishing characteristic of an agency relationship is the right of the principal to control the conduct of the agent when the agent is performing work on behalf of the principal. See Restatement of the Law 2d, Agency (1958) 60-61, Section 14. By contrast, an independent contractor retains the ability to control how work is completed. Councell v. Douglas (1955), 163 Ohio St. 292, 126 N.E.2d 597, paragraph one of the syllabus.
UHC submitted evidence demonstrating that Dr. Lazarus is a private attending physician employed by Case Western Reserve University and/or University Physicians' Inc. with hospital privileges at UHC and that Dr. Lazarus is the director of the bone marrow transplant program at UHC. In the doctor's capacity as a private attending physician, he treats patients and UHC does not control or direct the medical treatment he provides to his patients. Dr. Lazarus's responsibilities as the director of the bone marrow transplant program are administrative in nature and do not involve the diagnosis, care and treatment of individual patients.
The Clarks assert that the following evidence established that Dr. Lazarus was a servant of UHC as a matter of law. Dr. Lazarus wore an identification badge provided by UHC, used business cards and letterhead provided by UHC, and had UHC bill the Clarks for the bone marrow transplant treatment he performed on Mrs. Clark. The evidence relied upon by the Clarks is not relevant to a determination of whether Dr. Lazarus is a direct agent of UHC because it does not speak to whether UHC had the right to control the doctor's medical practice. The evidence submitted by the Clarks does not demonstrate that UHC controlled the manner in which Dr. Lazarus practiced medicine. The trial court did not err by granting summary judgment in favor of UHC because Dr. Lazarus cannot be considered a direct agent of UHC as a matter of law. Appellants' first and second assignments of error are overruled.
In appellants' third assignment of error, they allege that the trial court erred by refusing to read the jury instruction that they submitted on the theory of agency by estoppel. Appellants contend that the instruction given by the trial court did not adequately explain agency by estoppel to the jury.
The trial court gave the following instruction on agency by estoppel:
 To establish an agency by estoppel, plaintiffs must prove by a preponderance of the evidence that A:
 University Hospitals of Cleveland held itself out to the public as a provider of medical services through advertising or otherwise and
 B: in the absence of notice or knowledge to the contrary, Cheryl Clark looked to the hospital as opposed to her individual practitioners to provide competent medical care.
 University Hospitals of Cleveland agrees that it held itself out to the public as a provider of medical services. Therefore, the only issue for you to decide is whether plaintiffs have proven by a preponderance of the evidence that Cheryl Clark looked to University Hospitals of Cleveland as opposed to her individual practitioners to provide competent medical care.
The above instruction was taken from the syllabus of Clark v. Southview Hosp. Family Health Ctr. (1994), 68 Ohio St.3d 435, 628 N.E.2d 46, which provides:
 A hospital may be held liable under the doctrine of agency by estoppel for the negligence of independent medical practitioners practicing in the hospital when:
 (1) it holds itself out to the public as a provider of medical services; and
 (2) in the absence of notice or knowledge to the contrary, the patient looks to the hospital, as opposed to the individual practitioner, to provide competent medical care.
Appellants assert that the instruction given by the court did not give the jury any guidance as to what the phrase looked to meant. They contend that the trial court committed reversible error by not giving the following additional instruction that they submitted:
 The critical question is whether Mr. and Mrs. Clark at the time of Mrs. Clark's first appointment with Dr. Lazarus was looking to University Hospitals for treatment of her physical illness or merely viewed the hospital as the situs where her physician would treat her for her problems.
 A relevant factor in determination involves resolution of the question of whether University Hospitals provided Mrs. Clark with Dr. Lazarus or whether Mrs. Clark and Dr. Lazarus had a patient-physician relationship independent of the hospital setting. * * * In your deliberations, you may consider all evidence presented by the parties regarding the facts and circumstances surrounding the appearance of employment of Dr. Lazarus by University Hospitals or lack thereof and to assign it the weight you think most appropriate.
The Ohio Supreme Court explained the trial court's obligation to read a submitted jury instruction as follows:
 While it is a court's duty to give a requested special instruction which is pertinent to an issue and correctly states the law, e.g., Chesrown v. Bevier, 101 Ohio St. 282, paragraph two of syllabus; Bradley v. Mansfield Rapid Transit, 154 Ohio St. 154, paragraph five of syllabus (both cases, but not the paragraphs of the syllabi relied upon above, partially overruled in Bahm v. Pittsburgh Lake Erie Rd. Co., 6 Ohio St.2d 192), the court is not required to grant a request which is merely repetitive of other special instructions. Briere v. Lathrop Co. (1970), 22 Ohio St. 166, at 176.
In the instant case, the trial court was not required to instruct the jury as requested by appellants because the first two paragraphs of the submitted instruction merely rephrase the trial court's instruction on agency by estoppel and the last paragraph misstates the law. The instruction given to the jury adequately explains the theory of agency by estoppel; therefore, the trial court did not commit reversible error by refusing to give the jury instruction submitted by appellants. Appellants' third assignment of error is overruled.
In appellants' fourth assignment of error, they allege that the trial court erred by bifurcating the trial to have a jury determine whether an agency relationship existed between Dr. Lazarus and UHC before a jury heard appellants' claims of medical malpractice. Appellants contend that the trial should not have been bifurcated because the issues of agency and professional negligence were intertwined. They further contend that ordering separate trials deprived them of their constitutional right to have all of their claims heard by a jury.
Civ.R. 42(B) governs the procedure for ordering separate trials and provides:
 The court, after a hearing, in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy, may order a separate trial of any claim, cross-claim, counterclaim, or third-party claim, or of any separate issue or any number of claims, cross-claims, counterclaims, or third-party claims or issues, always preserving inviolate the right to trial by jury.
The decision of whether or not to bifurcate the proceedings * * * is a matter within the sound discretion of the trial court. Sheets v. Norfolk S. Corp. (1996), 109 Ohio App.3d 278, 288, 671 N.E.2d 1364, citing Heidbreder v. Trustees (1979), 64 Ohio App.2d 95, 100, 411 N.E.2d 825. We will not disturb the trial court's decision to bifurcate the trial pursuant to Civ.R. 42(B) absent an abuse of discretion. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or capricious. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.
Appellants assert that the issues of agency and negligence are intertwined in this case because deposition testimony relating to the issue of negligence was used to impeach Dr. Gabrail while he was testifying during the agency portion of the trial. We do not agree with appellants' contention that the issues of agency and negligence are intertwined. Appellants chose to introduce the portions of Dr. Gabrail's deposition that related to negligence. Because UHC cannot be held liable for the alleged negligence of Dr. Lazarus absent a finding that Dr. Lazarus was the apparent agent of UHC, the issues of agency and negligence are amenable to separate trials. We cannot conclude that the trial court abused its discretion by ordering separate trials pursuant to Civ.R. 42(B). Appellants' fourth assignment of error is overruled.
In their fifth assignment of error, appellants allege that the trial court erred by granting summary judgment in favor of Dr. Lazarus on the grounds that the statute of limitations had expired. Appellants contend that Dr. Lazarus should be estopped from pleading the affirmative defense of statute of limitations because his conduct induced a delay in filing a lawsuit against him. They maintain that they rescinded the 180-day letter that notified Dr. Lazarus of the Clarks' desire to file a medical malpractice suit against him because Dr. Lazarus told Mrs. Clark that he could not continue to treat her if he was being sued by her. Appellants argue that it would be inequitable to permit Dr. Lazarus to rely on the expiration of the applicable statute of limitations because, despite appellants' rescission of the 180-day letter, Dr. Lazarus still refused to continue treating Mrs. Clark.
R.C. 2305.11(B)(1) provides that an action upon a medical, dental, optometric, or chiropractic claim shall be commenced within one year after the cause of action accrues * * *. The trial court determined that Dr. Lazarus was entitled to summary judgment because appellants named him as a defendant more than one year after their claim for medical malpractice had accrued.
A court may employ the doctrine of equitable estoppel to prohibit a defendant from asserting the defense of the statute of limitations when it would be inequitable to the plaintiff. In Livingston v. Diocese of Cleveland (1998), 126 Ohio App.3d 299, 710 N.E.2d 330, this court discussed the doctrine of equitable estoppel as it pertains to the defense of the statute of limitations. We stated:
 In order to establish equitable estoppel, a plaintiff must demonstrate:
 (1) that the defendant made a factual misrepresentation;
(2) that is misleading;
 (3) that induces actual reliance which is reasonable and in good faith; and
 (4) which causes detriment to the relying party. [citations omitted].
 With regard to the first two elements set forth above, the Ohio Supreme Court has indicated a showing of `actual or constructive fraud' is necessary. State ex rel. Ryan v. State Teachers Retirement Sys. (1994), 71 Ohio St.3d 362 at 368, 643 N.E.2d 1122.
 Furthermore, in the context of a statute of limitations defense, plaintiff must show either `an affirmative statement that the statutory period to bring an action was larger than it actually was' or `promises to make a better settlement of the claim if plaintiff did not bring the threatened suit,' or `similar representations or conduct' on defendant's part. [citations omitted]. Id. at 314-315.
Appellants did not demonstrate that Dr. Lazarus misled them by stating that the statutory period to bring the suit was larger than it actually was or that he promised a larger settlement if the Clarks did not sue him. Even if the Clarks relied upon Dr. Lazarus's alleged statement that he would continue treating Mrs. Clark if he was not named in the lawsuit, appellants have not established that it would be inequitable to apply the statute of limitations against them because they did not attempt to commence their suit against Dr. Lazarus once he terminated the doctor-patient relationship with Mrs. Clark in April 1996. Instead, they waited until June 5, 1998 to name him in their lawsuit, over two years after the issuance of the 180-day letter. We cannot conclude that the trial court erred by granting summary judgment in favor of Dr. Lazarus. Appellants' fifth assignment of error is overruled.
We will not address UHC's assignments of error contained in its cross-appeal because they are rendered moot by our disposition of the Clarks' assignments of error.
It is ordered that appellees recover of appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
COLLEEN CONWAY COONEY, J., AND TERRENCE O'DONNELL, J., CONCUR.