OPINION
This is an appeal from a judgment of the Massillon Municipal Court which, after a bench trial with findings of fact and conclusions of law, rendering Judgment of $2706.15 against defendants R.W. Jones, Inc. and McKinley Title Agency, Inc. (appellant), equally allocated between such entities.
R. W. Jones, Inc. did not appeal.
 STATEMENT OF THE FACTS AND CASE
This matter arose out of the closing of a sale of real estate from R. W. Jones, Inc. to appellees, Rodney B. Cheyney and Kimberly A. Cheyney. Appellant, McKinley Title Agency, Inc. acted as the closing agent in completing such sale. The sale involved a newly constructed home and the building did not yet appear on the tax duplicate.
The purchase agreement in paragraph 8 (Appellees' Exhibit A) provided:
 "Seller shall pay all taxes and assessments prorated to the date of closing utilizing the latest available tax duplicate. If the tax duplicate is not available or fails to reflect the improved value of the property, then the escrow agent, in counties where applicable, is instructed to telephone the county auditor's office and obtain an estimate of the taxes for the proration period and such estimate shall be used in place of the latest available tax duplicate and shall be final. However, if the auditor will not provide an estimate, then thirty five percent (35%) of the selling price times the millage rate shall be used instead."
Appellant withheld prorated taxes based on land value alone.
Appellees signed the closing statement.
The Assignments of Error are:
 ASSIGNMENTS OF ERROR I. "THE TRIAL COURT, IN ITS FINDINGS AND CONCLUSIONS, ERRED AS A MATTER OF LAW WHEN INTERPRETED [SIC] THE CONTRACT PROVISION AT ISSUE."
 II. "THE TRIAL COURT ERRED BY FAILING TO CONCLUDE IN ITS JUDGMENT ENTRY AND FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT THE PLAINTIFFS WAIVED ANY OBLIGATION ALLEGEDLY OWED BY MCKINLEY TITLE TO PRORATE REAL ESTATE TAXES BY MEANS OF ANYTHING OTHER THAN THE LAST AVAILABLE TAX DUPLICATE."
 III. "THE TRIAL COURT ERRED BY FAILING TO CONCLUDE IN ITS JUDGMENT ENTRY AND FINDINGS OF FACT AND CONCLUSIONS OF LAW THAT PLAINTIFFS WERE ESTOPPED FROM ALLEGING THAT APPELLANT OWED AN OBLIGATION TO PRORATE REAL ESTATE TAXES BY RELYING ON ANYTHING OTHER THAN THE LAST AVAILABLE TAX DUPLICATE."
 IV. "THE TRIAL COURT IMPROPERLY APPORTIONED DAMAGES IN ITS NOVEMBER 13, 2001 JOURNAL ENTRY."
 I.
The first Assignment of Error addresses the trial court's conclusion that paragraph 8 of the purchase contract obligated the seller and appellant to contact the Auditor's office to determine an estimate of the proration of taxes of the structure, or part thereof, which would apply to the taxing period to the date of sale.
We know that Stark is a county which will provide such information as Janice Rich, at the request of a buyer's attorney, obtained such estimated taxes from the Auditor in a prior sale. (T. at p. 74).
We agree with appellant, and its cited cases, that this Court conducts a de novo review of the contract language to determine if ambiguity exists. ALD Concrete and Grading Co. v. Chem-Masters Corp. (1996),111 Ohio App.3d 759, Labate v. National City Corp. (1996),113 Ohio App.3d 182, Custom Design Technologies, Inc. v. Galt Alloys,Inc., Stark App. No. 2001CA00153, 2002-Ohio-100.
We find that the language of the purchase contract is unambiguous and plainly required a contact with the Auditor to determine the estimated taxes with structure involvement.
Therefore, the past practice of appellant in closing similar transactions is unimportant as those closings may not have involved similar contractual language.
The closing agent was obligated to follow the terms of the purchase contract. (T. at p. 21).
Also, the transcript testimony as to the lender's instructions as to escrowed taxes has no relevance. These instructions related to funding, not to the transaction between seller and buyer.
Further, if the taxes had been pro-rated pursuant to the purchase contract, such would have affected the lender's instructions monetarily.
We therefore reject the first Assignment of Error.
 II., III.
The second and third Assignments of Error simultaneously assert waiver and estoppel by appellees due to the approval of the closing statement.
The standard of review relative to these arguments is one of manifest weight of the evidence.
On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
The record indicates appellee had actual knowledge of the purchase agreement which dictated any proration of the taxes would be based upon either the auditor's estimate of the improved land value, or on a special formula designated therein. Appellee also had notice of "Exhibit B," which indicated the tax proration had been based upon the value of the land only. Accordingly, we would find appellee had, at a minimum, constructive notice the calculation of the taxes was incorrect.
However, we also note the title agency had actual notice of the purchase agreement and actual notice its calculation had been based upon the land value only. Accordingly, appellant also had, at a minimum, constructive knowledge of the error.
A prima facie case for equitable estoppel requires proof of four elements: (1) a factual misrepresentation; (2) which is misleading; (3) which induces actual reliance which is reasonable and in good faith; and (4) said reliance caused a detriment to the relying party. Doe v. BlueCross/Blue Shield of Ohio (1992), 79 Ohio App.3d 369, 379, 607 N.E.2d 492. With regard to the first two elements set forth above, the Ohio Supreme Court has indicated that a showing of "actual or constructive fraud" is necessary. State ex rel. Ryan v. State Teachers Retirement Sys. (1994),71 Ohio St.3d 362, 368, 643 N.E.2d 1122, 1127-1128.
In this instance, appellee made no affirmative representation at the closing, either to the seller or to the title agent. Had the title agency given appellees the option of closing based upon the erroneous proration, or continuing until a recalculation of the proration could be made, and appellees then elected to proceed with the closing, estoppel may have applied to bar suit against the escrow agent. However, that factual scenario did not occur. In light of the fact the parties had equal knowledge of the tax proration error, and in light of the absence of an affirmative agreement or representation by appellee to proceed to closing despite the error, the duty to properly prorate the real estate taxes remained on appellant and equitable estoppel and/or waiver are inapplicable.
Appellant references appellees' testimony that he had had a new home constructed previously and had also built one himself and that he understood the concept of tax pro-ration. From such testimony the trial court could conclude that such prior home construction was immaterial as in neither case is there testimony that a buyer-seller relationship existed so that a structure tax estimate was applicable. Further, understanding the tax pro-ration concept would not necessarily result in the knowledge that the structure would or would not appear in any of the time frame preceding the closing date. Also, appellees were unrepresented at the closing and had a right of reasonable reliance on the closer's competency to follow the purchase contract terms.
As stated in White Co. v. Canton Transp. Co. (1936), 131 Ohio St. 190:
 "Courts move slowly and carefully when claim is made that party has waived terms of written contract and agreed to different terms by parol, since such agreement amounts to oral modification of written contract."
 37 Robinwood Associates v. Health Industries, Inc. (1988),47 Ohio App.3d 156 does not support appellant's argument in that in such case the deed accepted specifically provided that the property was taken subject to taxes and assessments.
Since the deed in the case sub judice was not introduced, the language thereof is unknown, Robinwood is inapplicable.
We find that the evidence supports the trial court's conclusions and that the manifest weight argument in support of the Second and Third Assignments of Error is not well taken and these are denied.
 IV.
The fourth Assignment of Error addresses the apportionment of the monetary judgment between R.W. Jones, Inc. (seller) and appellant.
Because the fourth Assignment contemplates the propriety of the entry of a judgment, it is properly reviewed as an error of law.
We agree with appellant (brief p. 19) that had appellant prorated taxes pursuant to the purchase contract, R.W. Jones Inc. would have been responsible for the taxes. However, appellant failed to file a cross-complaint which would have enabled the trial court to make such determination.
We would find the trial court could have properly rendered judgment entirely against the title company.
We therefore find that the trial court did not commit an error of law under the pleadings before it, and in the monetary terms of the Judgment it rendered. The fourth Assignment of Error is therefore denied.
The decision of the Massillon Municipal Court is affirmed.
By: BOGGINS, J. HOFFMAN, P.J. and WISE, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the decision of the Massillon municipal Court is affirmed. Costs assessed to appellant.