[Cite as *Kunz v. Reisenfeld*, 2012-Ohio-5460.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| LINDEN L. KUNZ, | : | APPEAL NO. C-120179 |
| | | TRIAL NO. A-1010655 |
| and | : | |
| | | *O P I N I O N.* |
| MT. CARMEL COMMUNICATIONS, LLC, | : | |
| | : | |
| Plaintiffs-Appellants, | | |
| | : | |
| vs. | | |
| | : | |
| BERYL L. REISENFELD, Executrix of the Estate of Sylvan P. Reisenfeld, | : | |
| | | |
| and | : | |
| | | |
| REISENFELD & ASSOCIATES, LPA, LLC, | : | |
| | : | |
| Defendants-Appellees. | | |


Civil Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  November 28, 2012


*F. Harrison Green Co., LPA,* and *F. Harrison Green*, for Plaintiffs-Appellants,

*Montgomery, Rennie & Jonson, George D. Jonson*, and *Todd G. Hoffpauir,* for Defendants-Appellees.


Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}   Plaintiffs-appellants Linden L. Kunz and Mt. Carmel Communications, LLC, appeal the summary judgment entered by the Hamilton County Court of Common Pleas in favor of defendants-appellees Beryl L. Reisenfeld, executrix of the estate of Sylvan P. Reisenfeld, and Reisenfeld & Associates, LPA, LLC, in a legal-malpractice action. [1]

### The Sale of Kunz's Farm to Harvey

{¶2}   Kunz owned a farm with a cellular-telephone tower.  In 1996, he entered into a lease with AT&T for use of the tower.  Subsequently, Cincinnati Bell Wireless ("CBW") succeeded AT&T as lessee of the tower.  And at some point during the term of the lease, Kunz formed Mt. Carmel Communications to serve as the nominal lessor.

{¶3}   In 2004, Kunz began negotiating with Willard Harvey to sell the farm. Kunz gave Harvey two prices for the farm:  one price for the farm alone and a greater price for the farm with the rights to the income from the tower.  The parties agreed on the lesser price, and Kunz hired attorney Maury Tepper to prepare a sales contract.  But because Tepper retired during the pendency of the sale, Kunz retained Reisenfeld to review the contract.

{¶4}   The contract specified that Harvey would "not receive any of the income from the [tower] lease but that the land will be burdened with the obligations imposed by the said lease."  The agreement further stated that Harvey would "not receive any income from any future lease[s] with co-locating companies of the cell tower."  Reisenfeld made some minor changes to the contract, but he indicated that

---

[1] During the pendency of the appeal, Sylvan P. Reisenfeld died.  On October 31, 2012, this court granted the appellants' motion to substitute Beryl L. Reisenfeld, executrix of the estate of Sylvan P. Reisenfeld, for Sylvan P. Reisenfeld.  *See* App.R. 29(A).  In this opinion, "Reisenfeld" will refer to Sylvan P. Reisenfeld.

the substance of the agreement would accomplish Kunz's intent, namely to sell the farm but to retain leasing rights to the tower. Kunz and Harvey executed the sales contract on October 10, 2004.

{¶5} The CBW lease was to expire in 2006, and CBW would not renew the lease unless Harvey were to have an interest in the tower. At issue was CBW's need for access to the tower and its related equipment. To allay the concerns of CBW, Harvey became a party to the lease. Kunz and Harvey then reached an oral agreement whereby Harvey would receive a portion of the rent but would forward $400 to Kunz on a monthly basis. Harvey began making the monthly payments in late 2005 or early 2006.

{¶6} Kunz signed an agreement to renew the lease with CBW in April 2006. In the meantime, Reisenfeld had prepared a written contract to memorialize the oral agreement requiring Harvey to forward the rent payments. Harvey never signed that agreement.

{¶7} A dispute arose between Kunz and CBW when another company, Nextel, declined to be a co-lessee with CBW. In June 2006, Kunz asked Reisenfeld to pursue legal action against CBW, but Reisenfeld refused in a letter dated July 10, 2006.

**Harvey Stops Making Payments**

{¶8} On May 16, 2007, Harvey informed Kunz on the telephone that he would no longer be forwarding the payments because Reisenfeld had "screwed up" the paperwork intended to protect Kunz's rights to the tower income. Kunz then consulted with attorney Jim Meckstroth, who was an expert in registered land. Kunz retained Meckstroth to prepare an "affidavit for adverse claim" to be filed on the farm's registered land certificate.

{¶9} On June 7, 2007, Kunz informed Reisenfeld that Harvey had ceased making payments due to Reisenfeld's alleged negligence, and he asked Reisenfeld to

3

review the affidavit for adverse claim. On June 14, 2007, Reisenfeld responded that "the allegation by Harvey that I screwed up and did not file the proper papers is absolutely untrue." Reisenfeld informed Kunz that he would not represent him in his efforts to pursue Harvey for payment. He advised Kunz to contact the Cincinnati Bar Association for an expert in real-estate law.

{¶10} Kunz did consult with several real-estate experts. On September 4, 2007, he wrote to Reisenfeld and informed him that those experts had found his work to have been deficient.

{¶11} On June 13, 2008, Kunz filed the malpractice action against Reisenfeld, claiming that he had negligently failed to protect his interests in the cell tower. Kunz voluntarily dismissed the action without prejudice under Civ.R. 41(A) on May 13, 2010, and refiled it on November 22, 2010.

{¶12} Reisenfeld filed a motion for summary judgment, contending that the lawsuit was barred by the applicable statute of limitations. The trial court granted Reisenfeld's motion for summary judgment.

### Statute of Limitations

{¶13} In a single assignment of error, Kunz argues that the trial court erred in granting summary judgment in favor of Reisenfeld. Specifically, he contends that the court erred in holding that he had filed the complaint after the expiration of the limitations period.

{¶14} Under Civ.R. 56(C), a motion for summary judgment may be granted only when no genuine issue of material fact remains to be litigated, the moving party is entitled to judgment as a matter of law, and it appears from the evidence that reasonable minds can come to but one conclusion, and with the evidence construed most strongly in favor of the nonmoving party, that conclusion is adverse to that party. *See State ex rel. Howard v. Ferreri*, 70 Ohio St.3d 587, 589, 639 N.E.2d 1189 (1994). This court reviews the granting of summary judgment de novo. *Jorg v.*

4

*Cincinnati Black United Front,* 153 Ohio App.3d 258, 2003-Ohio-3668, 792 N.E.2d 781, ¶ 6 (1st Dist.)

{¶15} A legal-malpractice action must be brought within one year of the accrual of the action. R.C. 2305.11(A). An action for legal malpractice accrues either (1) when there is a cognizable event by which the plaintiff discovers or should discover the injury underlying the claim and is put on notice of the need to pursue potential remedies against the attorney; or (2) when the attorney-client relationship for the transaction in question ends, whichever occurs later. *Roberts v. Maichl*, 1st Dist. No. C-040002, 2004-Ohio-4665, ¶ 20.

{¶16} In the case at bar, the evidence indicated that the attorney-client relationship terminated at the latest in July 2006, when Reisenfeld declined to represent Kunz in his dispute with CBW. Because the action would have been time-barred using the date of termination, we must determine if a cognizable event had occurred after the attorney-client relationship had ended.

{¶17} A plaintiff need not be aware of the full extent of his damages for a cognizable event to have occurred. *Zimmie v. Calfee, Halter & Griswold*, 43 Ohio St.3d 54, 58, 538 N.E.2d 398 (1989). It is enough that some noteworthy event has occurred that would alert a reasonable person of an impropriety. *Id.*

{¶18} In this case, the cognizable event was Harvey's withholding of the rent payments and his explanation to Kunz that he had stopped paying because Reisenfeld had "screwed up" the transaction. Harvey's actions prompted Kunz to consult with Meckstroth, and Kunz accepted Meckstroth's opinion that further action was necessary to preserve (or resuscitate) his interest in the tower income. Thus, the cognizable event occurred on May 16, 2007. Assuming that to be the date of accrual, the suit was filed after the expiration of the limitations period.

### Equitable Estoppel

{¶19} But Kunz invokes the doctrine of equitable estoppel in arguing that the statute of limitations should have been tolled. Specifically, he contends that Reisenfeld had misled him when he denied any negligence in his handling of the sale. Kunz further contends that he had relied on Reisenfeld's denial in failing to file suit within the limitations period.

{¶20} A prima facie case of equitable estoppel requires the plaintiff to demonstrate that (1) the defendant made a factual misrepresentation; (2) the misrepresentation was misleading; (3) that it induced actual reliance that was reasonable and in good faith; and (4) that it caused detriment to the relying party. *Daniels v. Bertke Elec. Co.,* 1st Dist. No. C-970419, 1998 Ohio App. LEXIS 969, *4-5 (March 13, 1998), citing *First Fed. S. & L. Assn. v. Perry's Landing, Inc.,* 11 Ohio App.3d 135, 145, 463 N.E.2d 636 (6th Dist.1983). To prove equitable estoppel, the plaintiff must demonstrate actual or constructive fraud. *State ex rel. Ryan v. State Teachers Retirement Sys.,* 71 Ohio St.3d 362, 368, 643 N.E.2d 1122 (1994).

{¶21} We find no merit in Kunz's argument. First, Kunz has failed to demonstrate that Reisenfeld made any factual misrepresentation. In denying that he had done anything improper, Reisenfeld merely stated his opinion that he had done all that was necessary to protect Kunz's rights. He did not conceal any material facts or misrepresent any actions that he had taken on Kunz's behalf. And contrary to Kunz's suggestion that Reisenfeld's objective was to forestall any legal action, Reisenfeld explicitly told Kunz that he should contact the Cincinnati Bar Association and seek the advice of a real-estate expert. There was simply no evidence that Reisenfeld engaged in actual or constructive fraud.

{¶22} Moreover, as Reisenfeld aptly notes, there was no evidence that Kunz relied on Reisenfeld's statements to his detriment. The uncontroverted evidence was that, even after Reisenfeld's denial of any wrongdoing, Kunz had continued to

consult with real-estate attorneys about Reisenfeld's alleged deficiencies and that he had accepted their opinions with respect to Reisenfeld's performance. Accordingly, even if Reisenfeld's assertions could be interpreted as misleading, there was no showing of reliance. Thus, Kunz failed to make a prima facie showing of equitable estoppel, and we overrule the assignment of error.

### Conclusion

{¶23}  Consequently, we affirm the judgment of the trial court.

Judgment affirmed.

**SUNDERMANN** and **FISCHER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this decision.