The State, ex rel. Teamsters Local Union 377; Moschella et al., Appellants, v. City of Youngstown et al., Appellees.

(No. 76-773—Decided June 15, 1977.)

*Messrs. Bavis & Bavis* and *Ms. Mary C. T. Bavis,* for appellants.

*Mr. William J. Higgins,* director of law, and *Mr. James E. Roberts,* for appellees.

*Per Curiam.* The sole question at issue here is the effect, if any, of a Revised Code section statute of limitations, set forth in R. C. 2305.07,* upon the mandatory legislation concerning the Public Employees Retirement System created in R. C. Chapter 145. A majority of the Court of Appeals determined "* * * that R. C. 2305.07 bars the claims of * * * [appellants] beyond six years from the filing of the complaint * * *." We do not agree.

The rights and obligations concerning employer-employee contributions to the Public Employees Retirement System are clearly set forth in R. C. Chapter 145.

R. C. 145.47 provides in pertinent part:

"* * * The head of each state department * * * and the fiscal officer of each local authority subject to Chapter 145 of the Revised Code, shall deduct from the compensation of each member on every payroll of such member for each payroll period subsequent to the date such employee became a member, an amount equal to the applicable per cent of such member's earnable salary or compensation. The * * * fiscal officer of each local authority * * * shall transmit promptly to the secretary of the public employees retirement board a report of member deductions at such

---

*R. C. 2305.07 reads, in pertinent part, as follows:

"[A]n action upon a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued."

intervals and in such form as the board shall require, showing thereon all deductions for the Public Employees Retirement System made from all the earnings, salary, or compensation of each member employed together with warrants or checks covering the total of such deductions."

R. C. 145.48 provides as follows:

"Each employer described in division (D) of Section 145.01 of the Revised Code shall pay to the employers' accumulation fund an amount which shall be a certain per cent of the earnable compensation of all members to be known as the 'employer contribution' * * *. In arriving at the earnable compensation, fees and commissions paid to employees for special services over and above the regular salary payments, or fees and commissions paid as sole compensation for services shall not be included. On the basis of regular interest and of such mortality and other tables as are adopted by the public employees retirement board, the actuary for said board shall determine the liabilities and employer rates of contribution as follows: " * * *

"(F) Such employer obligation shall include the normal and deficiency contributions and employer liability resulting from omitted member contributions required under Section 145.47 of the Revised Code, but not made by payroll deduction.* * *"

While the appellate court implicitly concedes the mandatory requirements of these two specific sections, it seeks to modify their applicability by applying the statute of limitations, R. C. 2305.07, in a most unusual manner. The last phrase of that section, "* * * shall be brought within six years after the cause thereof accrued," is interpreted as meaning the six years previous to the filing of the complaint in the trial court. Such a holding leads to many pitfalls, with reference to R. C. Chapter 145, and we shall not attempt to enumerate all of them here.

Normally, a cause of action does not accrue until such time as the infringement of a right arises. It is at this point that the time within which a cause of action is

to be commenced begins to run. The time runs forward from that date, not in the opposite direction, and thus when one's conduct is not presently injurious a statute of limitations begins to run against an action for consequential injuries resulting from such act only from the time that actual damage ensues.

The duty to make a contribution to the retirement fund is one that is continuing in nature, since the statute provides for an employee deduction for each payroll period. Similarly, the employer's obligation to make contributions occurs each time another payroll period elapses. However, the employee's right to participate in or to receive benefits from the system cannot accrue until such time as he or she actually elects to retire.

Appellees argue that the statute of limitations in this case began to run on the employment date of the appellants. In support of this contention they state that R. C. 145.03 provides for membership in the retirement system beginning with the first date of employment. This question was answered by the decision in the lower court and is not a part of this appeal.

Appellees argue further that the contention of appellants, that the statute of limitations would not apply until such time as they retire, puts them in a position of having no accrued cause of action. This argument might be tenable if this were an action for damages. However, this action was founded in mandamus, premised on the clear legal duty imposed by R. C. 145.03 and 145.48(F).

It should also be noted that the manner in which the Court of Appeals applied the statute of limitations runs contrary to the holding in *State, ex rel. Public Employees Retirement Board,* v. *Baker* (1959), 169 Ohio St. 499. In *Baker,* the employee sought to have deductions (his and the employer's) paid from January 15, 1943, to September 30, 1952, a period of nine years and eight months. This court ordered payment by the employer for that time period, and although the statute of limitations was not in issue in that case, it is apparent that its application under the

method prescribed by the appellate court below would have barred that recovery.

This court, in referring to the employer and the employee's obligations to make contributions to the fund, stated in *Baker, supra,* at page 502:

"* * * In making the performance of each duty mandatory, it was the evident purpose of the General Assembly to avoid hopeless confusion and to maintain the security of the retirement system."

In *State, ex rel. Hanrahan,* v. *Zupnik* (1954), 161 Ohio St. 43, a case in which police and firemen sought a writ of mandamus to compel the actual disbursement of monthly pension installments, this court, at page 48, held as follows:

"It is a general fundamental rule that pension statutes are to be liberally construed. 40 American Jurisprudence, 963, Section 4; 62 Corpus Juris Secundum, 1269, Section 614; 70 Corpus Juris Secundum, 425, Section 2. This court approves that rule of construction."

Finally, in *State, ex rel. Hammond,* v. *P. E. R. S.* (1972), 29 Ohio St. 2d 192, 196, Justice Herbert, in dissent, remarked that "* * * statutes of this general nature [R. C. Chapter 145] are to be liberally construed [citing *Zupnik, supra*], and certainly should not be interpreted adversely to the interests of the very people they were designed to protect."

The judgment of the Court of Appeals is reversed insofar as it applies the statute of limitations, and the order of the trial court is reinstated.

*Judgment accordingly.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.