Mizenko et al., Appellants, *v.* First Catholic Slovak Ladies Association, Appellee.

(No. 55551 — Decided August 7, 1989.)

*Cavitch, Familo & Durkin Co., L.P.A., E. John Brzytwa* and *Kerin Lyn Kaminski,* for appellants.

*Donald F. Woodcock* and *John R. Cernelich,* for appellee.

NAHRA, J. Appellants, Francis L. Mizenko and Anna A. Hook, are appealing the judgment against them in their age discrimination action brought pursuant to R.C. 4101.17. They contend that (1) R.C. 4101.17 is applicable to prohibitions against seeking reelection to religious association offices due to age because the expiration of their terms of office constituted "discharges" and (2) their action was timely filed. We agree that R.C. 4101.17 is applicable, albeit for different reasons, but agree with the trial court that appellants' action is barred by the running of the statute of limitations; therefore, we affirm the judgment below.

Appellants were members of the First Catholic Slovak Ladies Association of the United States of America (the "Association"). At the convention in 1975 appellants were reelected to four-year terms of office, Mizenko as Secretary and Hook as Secretary of the Junior Order. Pursuant to the by-laws of the Association they were paid annual salaries of $26,000 and $16,000 respectively and, as Secretary and Secretary of the Junior Order, were members of the board of directors.

At the time of the Association's thirty-second convention on September 17 to 20, 1979, appellants, who were then both over age sixty-six, were ineligible to stand for election to another term of office pursuant to Article XII, Section 1(f) of the Association's by-laws, which provided that "[a]ny delegate of the Association who is 66 years or under on the first day of the new term is eligible for nomination, election, or appointment to the Board of Directors." Appellants' terms of office therefore expired at the end of January 1980.

Appellants filed charges (Nos. 052808138 and 052808139) against the Association with the Equal Employment Opportunity Commission (the "EEOC"), and on September 10, 1980, the EEOC filed suit in the United States District Court for the Northern District of Ohio, Civil Action No. C-80-1677, against the Association. The federal action alleged violations of the Age Discrimination in Employment Act of 1967, as amended, with respect to the nonelections of appellants. On September 27, 1985, a consent decree was filed in the federal action whereby the parties resolved their differences. As a part of the consent decree, the Association agreed to revise its election policy and pay appellant Hook pension benefits to age seventy and the EEOC agreed to obtain releases from appellants discharg-

ing the Association from all claims arising out of appellants' EEOC charges and the federal litigation. Appellants were not named parties to the federal action and have refused to sign the releases.

On January 27, 1986, appellants commenced this action alleging discriminatory discharges in violation of R.C. 4101.17. Following a bench trial, the court concluded R.C. 4101.17 was inapplicable because no "discharge" in the usual sense occurred and, even if the statute were applicable, appellants' action was barred by the running of the statute of limitations. Appellants timely appealed.

## I

Appellants' second assignment of error, which we will address first, is that:

"Where the employment of appellants who were in excess of 66 years of age was an emolument of their elected office in a fraternal benefit society and there was uncontested evidence that termination of that employment was not the inevitable consequence of an illegal policy that prohibited reelection to office after age 66, it was error to conclude that termination of appellants' employment in reliance upon the illegal policy was not a 'discharge' within the meaning of O.R.C. Sec. 4101.17."

R.C. 4101.17, which governs age discrimination by employers, provides in relevant part that:

"(A) No employer shall discriminate in any job opening against any applicant or discharge without just cause any employee between the ages of forty and seventy who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee."

The trial court found that since ap-

pellants' elected terms of office expired pursuant to the Association's by-laws there was no "discharge" from employment in the usual sense. We agree with this reasoning. However, the statute also prohibits discrimination in job openings, and we believe appellants' being prevented from seeking reelection due to their age is more akin to a job applicant being told he or she is ineligible for a particular job opening due to his or her age. Appellants' situation thus falls within this ambit of R.C. 4101.17.

Although R.C. 4101.17 is applicable to situations such as appellants', the version of the statute in effect at the time appellants, who were then age *sixty-seven*, were prevented from seeking reelection provided protection only to those between the ages of forty and *sixty-five* as follows:

"(A) No employer shall refuse opportunity of interview for employment in any job opening to any applicant or discharge without just cause any employee between the ages of forty and sixty-five who is physically able to perform the duties and otherwise meets the established requirements of the job and laws pertaining to the relationship between employer and employee." 137 Ohio Laws, Part II, 3062.

This version of R.C. 4101.17 was not amended to provide protection from age discrimination in employment to age seventy until November 13, 1979. Since at the time appellants were to seek reelection in September 1979, they were both sixty-seven years old, the statute in effect at that time provided no protection. Consequently, no viable cause of action was available to appellants to challenge the Association's by-laws under former R.C. 4101.17. Accordingly, this assignment of error is overruled.

## II

Appellants' remaining assigned error is that:

"Where a cause of action under O.R.C. Sec. 4101.17 for discharge because of age was commenced within six years of the last day of employment, it was error to conclude that the suit was not timely filed."

Even if the amended statute were in effect, appellants' action was barred by the running of the statute of limitations. Appellants had six years from the time their cause accrued to file their complaint. *Morris* v. *Kaiser Engineers, Inc.* (1984), 14 Ohio St. 3d 45, 14 OBR 440, 471 N.E. 2d 471, paragraph two of the syllabus. A cause accrues when the infringement of a right arises. *Lordstown Bd. of Edn.* v. *Ohio Civil Rights Comm.* (1981), 66 Ohio St. 2d 252, 256, 20 O.O. 3d 240, 242, 421 N.E. 2d 511, 514 (quoting *State, ex rel. Teamsters Local Union 377*, v. *Youngstown* [1977], 50 Ohio St. 2d 200, 203-204, 4 O.O. 3d 387, 389, 364 N.E. 2d 18, 20); see *Chardon* v. *Fernandez* (1981), 454 U.S. 6; *Delaware State College* v. *Ricks* (1980), 449 U.S. 250.

Appellants contend their cause accrued at the expiration of their terms of office, *i.e.*, at the time of their discharge from employment. The fact that appellants' terms of office expired was not in itself illegal. The alleged illegal act was the prohibition to run for office at age sixty-six and above. The infringement or injurious event thus occurred when appellants were denied reelection to their respective offices and when appellants' replacements were elected at the Association's convention. These events transpired in September 1979. These concrete events, like the official position to deny tenure in *Ricks* or the final decision to terminate administrator appointments in *Chardon*, are distinguishable from the uncertain notice of intention not to reemploy in *Lordstown Bd. of Edn.* where the Supreme Court of Ohio found the statute of limitations to be triggered not by the notice of intention but by the expiration of the teachers' contracts. Since appellants' action was not filed until six years and approximately four months after they were prohibited from seeking reelection due to their age, it was barred by the running of the statute of limitations. Accordingly, this assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KRUPANSKY, P.J., and CARDINAL, J., concur.

JOHN G. CARDINAL, J., of the Ashtabula County Court of Common Pleas, sitting by assignment.