[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 223.]

OKER, APPELLANT, *v.* AMERITECH CORPORATION ET AL., APPELLEES.

[Cite as *Oker v. Ameritech Corp.*, 2000-Ohio-139.]

*Discrimination—Age-discrimination claim premised on violation described in R.C. Chapter 4112—Statute of limitations period begins to run on date of employee-plaintiff's termination from defendant-employer.*

The statute of limitations period applicable to age-discrimination claims brought under R.C. Chapter 4112 begins to run on the date of the employee-plaintiff's termination from the defendant-employer.

(No. 99-270—Submitted February 9, 2000—Decided June 28, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 72556.

————————————

{¶ 1} Appellant, Michael R. Oker ("Oker"), appeals from the judgment of the Court of Appeals for Cuyahoga County, affirming the grant of summary judgment by the trial court in favor of appellees, the Ameritech Corporation and Ameritech Ohio ("Ameritech").

{¶ 2} Oker was employed as an attorney for Ohio Bell Telephone Company and later Ameritech Ohio, a wholly owned subsidiary of Ameritech Corporation, for nearly seventeen years. In 1994, Oker was serving in the litigation subsection of the legal department of Ameritech Ohio. In the fall of that year, Ameritech announced that it was reorganizing its legal department by disbanding the legal departments of its subsidiaries.

{¶ 3} When Ameritech announced the reorganization of the company, it invited attorneys employed by Ameritech Ohio, who were interested in joining the Ameritech Law Department, to submit their resumes for consideration. Pursuant to this process, Oker submitted his resume to Susan R. Lichtenstein, Assistant General Counsel-Litigation for Ameritech Corporation.

**{¶ 4}** On November 9, 1994, Oker was informed that his application to join the reorganized Ameritech Law Department had been rejected. At the same time, Ameritech informed Oker that he could remain in his position with the company until January 1995. Because Oker's termination date was in the middle of a pay period, he remained on payroll of the Ameritech Law Department through January 7, 1995.

**{¶ 5}** Although Oker was employed only as an attorney through January 7, 1995, he remained with the company through approximately April 15, 1995. During this time, Oker served in a non-managerial capacity as a customer service representative. At this same time, Oker searched for another job as an attorney.

**{¶ 6}** On April 10, 1995, Ameritech hired Cynthia C. Schafer, an attorney younger in age than Oker, to specialize in litigation.

**{¶ 7}** On June 29, 1995, Oker filed an action against Ameritech, claiming age discrimination pursuant to R.C. 4112.02(N) and 4112.99. The trial court granted summary judgment for Ameritech, finding that Oker had failed to timely file his claim within the applicable one-hundred-eighty-day statute of limitations period. The court of appeals affirmed. The cause is now before this court upon the allowance of a discretionary appeal.

_____

*Gold & Schwartz Co., L.P.A., Orville E. Stiffel II* and *Niki Z. Schwartz*, for appellant.

*Duvin, Cahn & Hutton*, *Robert M. Wolff*, *Martin S. List* and *Janette M. Louard*, for appellees.

_____

**MOYER, C.J.**

**{¶ 8}** In *Bellian v. Bicron Corp.* (1994), 69 Ohio St.3d 517, 634 N.E.2d 608, we held that an age-discrimination claim brought pursuant to R.C. Chapter 4112 must be initiated within the one-hundred-eighty-day statute of limitations period

set forth in former R.C. 4112.02(N). Here, all parties agree that the claims asserted by Oker are governed by the one-hundred-eighty-day statute of limitations period provided in R.C. 4112.02(N). Therefore, the issue before the court is when the applicable statute of limitations period for an age-discrimination claim brought under R.C. Chapter 4112 begins to run.

**{¶ 9}** For the reasons that follow, we hold that the statute of limitations period applicable to age-discrimination claims brought under R.C. Chapter 4112 begins to run on the date of the employee-plaintiff's termination from the defendant-employer.

**{¶ 10}** In *State ex rel. Teamsters Local Union 377 v. Youngstown* (1977), 50 Ohio St.2d 200, 4 O.O.3d 387, 364 N.E.2d 18, this court addressed the issue of when the statute of limitations period for a specific cause of action commences. We held that "[n]ormally, a cause of action does not accrue until such time as the infringement of a right arises. It is at this point that the time within which a cause of action is to be commenced begins to run." *Id.* at 203-204, 4 O.O.3d at 389, 364 N.E.2d at 20. Hence, we must determine the point in time at which the actions of Ameritech became a possible infringement of the rights afforded Oker under R.C. Chapter 4112.

**{¶ 11}** Ameritech contends that any possible infringement of Oker's right occurred on November 9, 1994, when he was informed that he would not be offered a position in the reorganized Ameritech Law Department.

**{¶ 12}** In support of its position, Ameritech cites the United States Supreme Court opinion in *Delaware State College v. Ricks* (1980), 449 U.S. 250, 101 S.Ct. 498, 66 L.Ed.2d 431. In *Ricks*, the court decided the Title VII claim of a non-tenured professor, finding that the plaintiff did not file his claim within the applicable federal statute of limitations. The Supreme Court held that the timeliness of such a complaint should be measured from the date the tenure decision was made and communicated to the employee, despite the fact that the eventual loss of the

teaching position did not occur until later. *Id.* at 258, 101 S.Ct. at 504, 66 L.Ed.2d at 439-440.

{¶ 13} Ameritech contends that this case is indistinguishable from *Ricks*, and that the principles established in that case should govern our interpretation of the statute of limitations provided for in former R.C. 4112.02(N). However, Ameritech ignores several differences between *Ricks* and this case.

{¶ 14} First, the plaintiff in *Ricks* initiated his suit under Title VII of the Civil Rights Act of 1964. Although Title VII and R.C. Chapter 4112 are similar in some respects, R.C. Chapter 4112.08 specifically provides for liberal construction of its provisions. Here, our interpretation of the statute of limitations applicable to discrimination claims, such as those advanced by Oker, is consistent with the plain and ordinary meaning of R.C. 4112.08.

{¶ 15} In *Lordstown Local School Dist. Bd. of Edn. v. Ohio Civ. Rights Comm.* (1981), 66 Ohio St.2d 252, 20 O.O.3d 240, 421 N.E.2d 511, this court considered the statute of limitations applicable to a suit charging sexual discrimination pursuant to R.C. Chapter 4112. The *Lordstown* case involved two teachers who were working for the school district under one-year limited contracts. When the school district refused to renew the teachers' contracts after their first year of employment, both teachers filed claims alleging that the board of education refused to renew the contracts after learning that they were pregnant.

{¶ 16} The school district argued that the complaints were not timely filed because the statute of limitations period had begun to run at the time the teachers were informed that their contracts would not be renewed. However, in holding that the claims were timely filed, we determined that the statute of limitations period began to run, not when the teachers were served notice of the non-renewal, but on the date the teachers' contracts expired.

{¶ 17} Our decision in *Lordstown* explained the difference between the facts of that case and those in *Ricks*. In *Ricks*, the professor was denied tenure. The

4

Supreme Court reasoned that the discrimination occurred at the time the plaintiff was informed by the college that he would not be offered tenure. In *Lordstown*, we concluded that the final discriminatory act of the school board occurred upon the termination of the annual employment contracts. We find that the principles inherent in our *Lordstown* decision afford us the proper guidance to determine the limitations period to be applied to the claims asserted by Oker.

{¶ 18} Like the teachers in *Lordstown*, Oker was terminated from his position with the company. Ameritech would have us look at its decision not as a termination of Oker but as a failure to hire him, thus assimilating the facts with those in *Ricks*. We do not accept this interpretation. Instead, we concur that the decision made by Ameritech was a termination of Oker's employment. Therefore, following the principles established in *Lordstown*, we hold that the statute of limitations period began to run on the date of Oker's termination from Ameritech, January 7, 1995.

{¶ 19} The plain language of R.C. Chapter 4112, and the reasoning applied by this court in our *Lordstown* decision, support our conclusion that the statute of limitations period for an age-discrimination claim brought pursuant to R.C. Chapter 4112 begins to run on the date of the employee-plaintiff's termination from the defendant-employer. Oker commenced his suit on June 29, 1995, within one hundred eighty days of his termination from Ameritech. Therefore, his claims against Ameritech were timely filed.

{¶ 20} For the foregoing reasons, the judgment of the court of appeals is, therefore, reversed, and the cause is remanded for proceedings consistent with the opinion of this court.

*Judgment reversed*
*and cause remanded.*

DOUGLAS, F.E. SWEENEY, PFEIFER and LUNDBERG STRATTON, JJ., concur.

CHRISTLEY and COOK, JJ., dissent.

JUDITH A. CHRISTLEY, J., of the Eleventh Appellate District, sitting for RESNICK, J.

_____

**COOK, J., dissenting.**

**{¶ 21}** I respectfully dissent. The majority analyzes the statute of limitations issue as if this case were based on an allegation of discriminatory discharge. I agree, instead, with the court of appeals' conclusion that this case involves, not an allegedly discriminatory *discharge*, but an allegedly discriminatory *failure to hire*:

"In this case, appellant was informed in the fall of 1994, that all the positions in Ameritech Ohio's legal department were being eliminated and that the attorneys would have to apply for positions with Ameritech. Accordingly, if Ameritech illegally discriminated against appellant based upon his age, the discriminatory act suffered by appellant would not be the termination from employment as an attorney, but rather would be the failure of Ameritech to hire him based upon his age."

**{¶ 22}** According to his deposition, Oker believed that he had been rejected for a position with the Ameritech centralized law department on November 9, 1994 on the basis of his age, having observed since 1990 a phenomenon he described as "the complete purge of all older officers in [the company]." He also conceded during his deposition that Ameritech's reorganization was "absolutely * * * a real reorganization," and "not a sham reorganization." The appellate court opinion notes that Oker's allegation was that Ameritech discriminated against him when it failed to hire him to work in its centralized law department—not that the Ameritech reorganization was based on age discrimination. Thus the date on which his original position was eliminated as a result of that reorganization is not the date to which a court should look for the commencement of the limitations period.

**{¶ 23}** Here the alleged discriminatory act—the decision not to hire— occurred on November 9, 1994. It follows that Oker had one hundred eighty days

6

from that date to file this action under R.C. 4112.02(N). He did not file this action until after the limitations period had run. Consequently, this action is time-barred.

{¶ 24} I would affirm the decision of the court of appeals.

CHRISTLEY, J., concurs in the foregoing dissenting opinion.

_____