[Cite as *Garrett v. Gill*, 2011-Ohio-3449.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| ANGELA RENEE GARRETT | : | APPEAL NO. C-100624 |
| | | TRIAL NO. A-0702111 |
| Plaintiff-Appellant, | : | |
| | | *D E C I S I O N.* |
| vs. | : | |
| SHARON L. GILL | : | |
| and | : | |
| JENRICK FELTNER, | : | |
| Defendants-Appellees, | : | |
| and | : | |
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY | : | |
| Defendant. | : | |


Civil Appeal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal:  July 13, 2011


*Edward T. Kathman*, for Plaintiff-Appellant,

*Joyce V. Kimbler*, for Defendants-Appellees.


Please note:  This case has been removed from the accelerated calendar.

**HILDEBRANDT, Presiding Judge.**

{¶1}     Plaintiff-appellant Angela Renee Garrett appeals from the trial court's grant of summary judgment to defendants-appellees Sharon Gill and Jenrick Feltner. For the following reasons, we affirm.

{¶2}     On March 4, 2005, Garrett was a passenger in an automobile driven by Feltner, a Kentucky resident.  The vehicle was involved in an accident on Kellogg Avenue in Hamilton County, Ohi0, and Garrett was injured.  On March 5, 2007, she filed suit against Gill, the owner of the vehicle, Feltner, Nationwide Mutual Fire Insurance Company, and American Family Mutual Insurance Company.  Nationwide insured Gill and Feltner, and Garrett was insured by American Family.  Garrett was initially unable to obtain service upon Gill and Feltner, and on March 19, 2008, a special process server was appointed, who successfully served Gill and Feltner with a copy of the complaint and summons.

{¶3}     Gill and Feltner filed a motion to dismiss the claims against them, arguing that they were not served within the allotted statutory period.  A hearing was held on November 24, 2008, at which the trial court ordered counsel to "convert [the motion to dismiss] to summary judgment and submit any affidavits."  The trial judge told the parties in open court to "get a new date for summary judgment," and then stated, "I don't think anything else needs to be filed, [except] any other affidavits that you would consider appropriate."

{¶4}     Feltner and Gill filed affidavits in December 2008.  Feltner stated in his affidavit the following:  At the time of the accident, he was living at "710 Fairfield Avenue, Bellvue, Kentucky, 41073" with his mother, Gill.  He stated that he had provided that address to the police officer who had responded to the traffic accident

2

and had completed the traffic crash report. A copy of the police report indicated that Feltner lived at the Fairfield Avenue address. Feltner also stated that at the time that Garrett filed her complaint in 2007, he was still living at this same address; however, Garrett's complaint, attached to Feltner's affidavit, indicated that Feltner was living at "710 Kentucky Route 8, Dayton, Kentucky, 41074." Feltner stated that he moved to his current address, 510 Main Street, Apartment #2, Dayton, Kentucky, 41074, in February 2008. He was served at the Main Street address by the special process server on March 19, 2008. He stated that before and after his move he had had uninterrupted mail service and that at no time since the traffic accident had he attempted to "abscond, conceal [himself], or avoid service of process. He stated that the only reason he moved was because the owner at his previous address had sold the building. Gill's affidavit essentially contained the same information, and she stated that at no time since the traffic accident had she attempted to abscond, conceal herself, or avoid service of process.

{¶5}    On March 11, 2009, the trial court held a hearing on the summary judgment motions, and concluded that Gill and Feltner were not served within the statutory period and entered summary judgment in their favor. In its entry granting summary judgment, the trial court stated that this was a final appealable order but the "remainder of this suit, pending against Defendants [American Family and Nationwide[1]] is still pending before this court." Garrett appealed the grant of summary judgment and this court dismissed the appeal, holding that the trial court's order had lacked "the requisite language under Civ.R. 54" and thus was not "final and appealable."[2]

---

[1] Nationwide was dismissed as a defendant on May 14, 2009.
[2] *Garrett v. Gill* (April 21, 2010), 1st Dist. No. C-090282.

{¶6}    Garrett filed a motion for the trial court to amend its entry granting summary judgment in favor of Gill and Feltner to include the appropriate language under Civ.R. 54(B).  The court did so, and Garrett now appeals from that entry, setting forth three assignments of error.

{¶7}    Before we address her assignments of error, we must address Garrett's argument that this appeal should also be dismissed because it is not a final, appealable order.  But in her argument Garrett refers only to the original judgment entry, which we have already held was not a final, appealable order.  She raises no argument with respect to the corrected judgment entry from which she is now appealing.  After reviewing the current judgment entry, we hold that it is a final, appealable order as it contains the requisite Civ.R. 54(B) language.[3]

{¶8}    Turning to her assignments of error, we only address the second and third assignments as Garrett withdrew her first assignment of error at oral argument before this court.

{¶9}    In her second assignment of error, Garrett maintains that the trial court erred by granting "defendants Sharon L. Gill and Jenrick Feltners' motion to dismiss after considering extraneous evidence submitted by the defendants."  Garrett argues that although the trial court had requested that the "motion to dismiss" be converted to a "motion for summary judgment," Feltner and Gill never filed a motion for summary judgment and, therefore, the trial court erred by considering their affidavits in ruling on the motion to dismiss.

{¶10}    After a review of the record, we overrule this assignment of error.  The record clearly demonstrates that the trial court, upon its own motion in open court,

---

[3] *Wiley v. Good Samaritan Hosp.*, 1st Dist. Nos. C-030131 and C-030181, 2004-Ohio-763, ¶18 (internal citation omitted).

when both parties were present, converted the motion to dismiss to one for summary judgment, and then ordered the parties to select a new date for arguments on the summary-judgment motion. The trial court then told the parties that nothing else needed to be filed with the court except possibly any affidavits that the parties wanted to submit in support of or in opposition to summary judgment.

{¶11}   In her third assignment of error, Garrett maintains that the trial court erred by finding that Gill and Feltner were not served within the allotted statutory time period and thus erred by entering summary judgment in their favor. We are unpersuaded.

{¶12}   Civ.R. 56(C) provides that summary judgment shall be rendered where (1) there is no genuine issue of material fact; (2) the moving party is entitled to summary judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor.[4]   An appellate court's standard of review on appeal from summary judgment is de novo.[5]

{¶13}   In their original motion to dismiss, later converted to a summary-judgment motion, Gill and Feltner argued that the complaint against them should be dismissed because Garrett had not perfected service within one year of filing her complaint, as required by Civ.R. 3(A). In response, Garrett argued that because Gill and Feltner were out of state defendants, R.C. 2305.15 applied to toll the time period set forth in Civ.R. 3(A).

---

[4] *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46.
[5] *Burgess v. Tackas* (1998), 125 Ohio App.3d 294, 296, 708 N.E.2d 285.

**{¶14}** Initially, we note that Garrett had two years from the date of the traffic accident to bring her cause of action for bodily injury under R.C. 2305.10(A). Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." Thus, for purposes of the statute of limitations, a cause of action is considered commenced if the action is filed within the applicable limitations period and service is obtained within one year from the filing of the complaint.[6] If service is not obtained within one year after the filing of the complaint against a defendant, the action commences, for purposes of applying the statute of limitations, on the date service is obtained.[7]

**{¶15}** As noted above, Garrett had to bring her personal injury action within two years from the date of the traffic accident, which occurred on March 4, 2005. Garrett filed her complaint on March 5, 2007, the day that the statute of limitations expired under R.C. 2305.10(A). (Technically, the statute of limitations expired on March 4, 2007, but that date was a Sunday and the Hamilton County Clerk of Courts office was closed. Therefore, under Civ.R. 6(A), Garrett had until the next business day to file her complaint.) Although her complaint was filed on March 5, 2007, Gill and Feltner were not served until March 19, 2008, over one year later. Under a plain reading of Civ.R. 3(A), Garrett's complaint was properly dismissed. Further, the trial court properly entered summary judgment in favor of Gill and Feltner because the limitations period had run on Garrett's personal injury claim as her action was considered commenced as of March 19, 2008, over three years after the traffic accident had occurred.[8]

---

[6] See *Braswell v. Duncan* (Nov. 26, 1997), 8th Dist. No. 72038.
[7] *Allis-Chalmers Credit Corp. v. Herbolt* (1984), 17 Ohio App.3d 230, 235, 479 N.E.2d 293.
[8] See Id.; *Braswell*, supra.

{¶16}   Nevertheless, Garrett maintains that R.C. 2305.15 tolled the one-year period to perfect service under Civ.R. 3(A) while the defendants were absent from the state.  We disagree.

{¶17}   R.C. 2305.15 provides that "[w]hen a cause of action accrues against a person, if he is out of the state, has absconded, or conceals self, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, 1302.98, 1304.35 of the Revised Code does not begin to run until the person comes into the state or while the person is so absconded or concealed.  After the cause of action accrues if the person departs from the state, absconds, or conceals self, the time of the person's absence or concealment shall not be computed as any part of a period within which the action must be brought."

{¶18}   By its plain language, R.C. 2305.15 is only applicable to the specific limitation-of-action statutes it identifies, which concern when an action is brought.[9] Thus, while R.C. 2305.15 may apply to toll the two-year statute of limitations period for bringing a personal injury action, it does not apply to toll time limits set forth in the civil rules.[10]  In fact, the Ohio Supreme Court, in *Saunders v. Choi*, held that the tolling provisions of R.C. 2305.15 cannot be used to extend the one-year time limitation within which to commence an action under Civ.R. 3(A).[11]  Accordingly, the effect of *Saunders* combined with a plain reading of R.C. 2305.15 is that a plaintiff may choose to defer the filing of his complaint indefinitely while the defendant is absent from the state under R.C. 2305.15, but if the plaintiff does file during such time, service must nevertheless be obtained within one year from the date of filing

---

[9] *Gay v. Tarke* (Mar. 9, 1994), 2nd Dist. No. C.A. 14034.
[10] *Greene v. Goulding* (Dec. 11, 1991), 5th Dist. No. CA-2856; *Spiegel v. Westafer*, 3rd Dist. No. 14-05-18, 2005-Ohio-6033; *Jones v. Casey* (Aug. 11, 1994), 8th Dist. No. 65624; *Poinar v. Richfield Twp.* (Aug. 22, 2001), 9th Dist. Nos. 20383 and 20384.
[11] (1984), 12 Ohio St.3d 247, 466 N.E.2d 889, syllabus.

under Civ.R. 3(A).[12]  Thus, although Garrett could have indefinitely waited to bring her cause of action while the defendants were absent from the state, once she made the choice to file the action, she had to abide by Civ.R. 3(A) and serve the defendants within one year.  She failed to do so.

{¶19}  We briefly note that we are not making any judgment as to whether Garrett would have been successful in applying the tolling provisions under R.C. 2305.15 to the statute of limitations period for a personal injury action if she had chosen to delay bringing her action.  While the parties would like us to reach that issue because there is current case law suggesting that R.C. 2305.15 may not be applied to out-of-state defendants when to do so would be an impermissible burden on interstate commerce by subjecting such defendants to perpetual liability,[13] it is unnecessary for us to do so as Garrett brought her action within the limitations period set forth in R.C. 2305.10(A).  Therefore, the only issue before us is whether the tolling provisions of R.C. 2305.15 apply to Civ.R. 3(A).  Relying on *Saunders*, we have held that they do not.  Finally, if any of Garrett's arguments on appeal can be construed as asserting that Feltner and Gill avoided service, we reject those.  Feltner and Gill both provided affidavits indicating that at no time since the traffic accident occurred had they attempted to avoid service of process.  Garrett did not present any evidence to refute the affidavits.

{¶20}  Accordingly, we hold that summary judgment was properly entered in favor of Gill and Feltner as Garrett's action was barred by the statute of limitations because she had failed to perfect service within a year of bringing her action.

---

[12] *Gay*, supra, citing *Saunders* at 251 (Brown, J. dissenting); *Greene*, supra.
[13] See *Reynoldsville Casket Co. v. Hyde* (1995), 514 U.S. 749, 115 S.Ct. 1745; *Ruble v. Ream*, 4th Dist. No. 03CA14, 2003-Ohio-5969.

**{¶21}** The third assignment of error is overruled, and the trial court's judgment is affirmed.

Judgment affirmed.

**CUNNINGHAM** and **FISCHER, JJ.,** concur.

Please Note:

The court has recorded its own entry this date.