[Cite as *Juergens v. House of LaRose, Inc.*, 2019-Ohio-94.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 106972**

**RALPH JUERGENS**

PLAINTIFF -APPELLANT

vs.

**THE HOUSE OF LAROSE, INC., ET AL.**

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-17-886293

**BEFORE:** Keough, J., S. Gallagher, P.J., and Handwork, J.*

**RELEASED AND JOURNALIZED:** January 10, 2019

ATTORNEYS FOR APPELLANT

Fred M. Bean
Brian D. Spitz
Daniel S. Dubow
Spitz Law Firm
25200 Chagrin Blvd., Suite 200
Beachwood, Ohio 44122


ATTORNEYS FOR APPELLEES

James P. Smith
Jeffrey Moyle
Littler Mendelson, P.C.
1100 Superior Ave., 20th Floor
Cleveland, Ohio 44114


KATHLEEN ANN KEOUGH, J.:

{¶1}     Plaintiff-appellant, Ralph Juergens ("Juergens"), appeals from the trial court's judgment granting summary judgment in favor of defendants-appellees, House of LaRose, Inc. ("LaRose") and Al Scott ("Scott") (collectively "appellees"), and denying Juergens's Civ.R. 56(F) motion for additional discovery.   For the reasons that follow, we affirm.

## I. Background and Procedural History

{¶2}     Juergens was employed as a warehouse employee with LaRose until March 2017. At all times during his employment, Juergens was a member of the International Brotherhood of Teamsters Union, Local 293 (the "Union").   As a member of the Union, the terms and conditions of Juergens's employment were governed by the collective bargaining agreement ("CBA") between the Union and LaRose.

{¶3}     Article V of the CBA set forth a grievance and arbitration procedure.   Under the procedure, an employee who believed that LaRose had violated his or her rights under the CBA

could file a grievance. If the grievance was denied at the first, second, and third steps of the grievance procedure, the grievance could be submitted to arbitration by a written request made within ten days of the denial at step three of the procedure.

{¶4} LaRose terminated Juergens's employment on March 6, 2017. That same day, Juergens filed a handwritten grievance alleging that "my employment was terminated, unjustified and without just cause," and seeking reinstatement with backpay and benefits. LaRose denied Juergens's grievance at steps one, two, and three of the grievance procedure.

{¶5} On March 13, 2017, Scott, vice president of human resources for LaRose, sent letters via certified mail to the Union and Juergens advising them that Juergens's grievance had been denied at step three. On March 17, 2017, the Union sent Juergens a letter via certified mail advising him that it had considered his case for submission to arbitration but, in light of the facts and circumstances of his termination, determined that the grievance did not have sufficient merit to go forward. The letter was delivered to Juergens's house on March 18, 2017. On March 23, 2017, Juergens attempted to unilaterally request arbitration with LaRose but was advised by the company that any request for arbitration had to come from the Union.

{¶6} On September 21, 2017, Juergens filed a complaint alleging a single count of age discrimination under R.C. 4112.02 against appellees. The complaint did not assert a violation of R.C. 4112.14(B).

{¶7} After LaRose and Scott answered Juergens's complaint, the trial court held a case management conference. At the conference, defense counsel advised the court and Juergens's counsel that appellees planned to file a motion for summary judgment because Juergens's age discrimination claim was barred as a matter of law. At a subsequent status conference to address discovery issues relative to appellees' motion for summary judgment, the trial court

determined that no discovery was necessary because the issues to be raised in appellees' motion were purely issues of law. Accordingly, the trial court issued an order staying discovery pending a ruling on the motion for summary judgment.

{¶8} Appellees filed their motion for summary judgment, arguing that Juergens's age discrimination claim failed as a matter of law because it was barred by (1) the applicable 180-day statute of limitations for claims brought pursuant to R.C. 4112.02, and (2) R.C. 4112.14(C), which prohibits employment discrimination claims brought under R.C. Chapter 4112 where the employee had the opportunity to arbitrate his discharge.

{¶9} In response, Juergens filed a combined brief in opposition to appellees' motion, a motion for sanctions, an alternative motion for additional time to conduct discovery pursuant to Civ.R. 56(F), and an alternative motion for leave to amend his complaint to assert a claim for age discrimination under R.C. 4112.14.

{¶10} The trial court subsequently granted appellees' motion for summary judgment, and denied Juergens's motions for sanctions, additional time to conduct discovery, and to amend the complaint. In granting appellees' motion for summary judgment, the trial court ruled that Juergens's age discrimination claim was barred as a matter of law because it was filed outside the 180-day statute of limitations for age discrimination claims brought under R.C. 4112.02.

{¶11} The court further found that Juergens's claim failed as a matter of law under R.C. 4112.12(C) because he was afforded the opportunity to arbitrate his discharge through the grievance and arbitration procedure set forth in the CBA between the Union and LaRose.

{¶12} This appeal followed.

## II. Law and Analysis

### A. Standard of Review

**{¶13}** We review summary judgment rulings de novo, applying the same standard as the trial court. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). We accord no deference to the trial court's decision and independently review the record to determine whether summary judgment is appropriate. *Id.*

**{¶14}** Under Civ.R. 56, summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party, (1) there is no genuine issue as to any material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 210 (1998).

**{¶15}** On a motion for summary judgment, the moving party has the initial burden of identifying those portions of the record that demonstrate the absence of genuine issues of material fact on the essential elements of the nonmoving party's claim. *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). If the moving party fails to meet this burden, summary judgment is not appropriate. *Id.* Summary judgment is appropriate, however, if a motion for summary judgment is properly made and supported, and the nonmoving party fails to meet its reciprocal burden to set forth specific facts by the means listed in Civ.R. 56(C) showing there is a genuine issue of fact for trial. *Id.*

## B. Timeliness of Juergen's Age Discrimination Claim

**{¶16}** In his first assignment of error, Juergens contends that the trial court erred in granting appellees' motion for summary judgment.

**{¶17}** R.C. 4112.02(A) generally prohibits discriminatory employment practices, including age discrimination. It makes it unlawful for an employer "to discharge without just

cause, to refuse to hire, or otherwise to discriminate against [any] person with respect to hire, tenure, terms, conditions, or privileges of employment, or any matter directly or indirectly related to employment." Section 4112.02(L) authorizes a private cause of action for age-related violations of Section 4112.02. It provides that an age discrimination claim brought pursuant to R.C. 4112.02 must be instituted "within one hundred eighty days after the alleged unlawful discriminatory practice occurred."

{¶18} The single cause of action in Juergens's complaint is captioned "Wrongful Termination Based on Age Discrimination in Violation of R.C. 4112.02 and R.C. 4112.99." In support of this cause of action, Juergens alleged that "[d]efendants violated R.C. 4112.02 and 4112.99" by treating him differently than similarly situated younger employees and terminating his employment.

{¶19} In their motion for summary judgment, appellees argued that Juergens's age discrimination claim under R.C. 4112.02 was time barred because he filed his complaint more than 180 days after his termination. Appellees alleged that Juergens was terminated on March 6, 2017, and thus to be timely, his complaint had to be filed on or before September 5, 2017. Appellees noted that Juergens did not file his complaint until September 21, 2017, nearly three weeks after the statute of limitations had run.

{¶20} In his affidavit attached to appellees' motion for summary judgment, Scott averred that LaRose terminated Juergens's employment on March 6, 2017. Attached to Scott's affidavit was a copy of the written notice of Juergens's termination issued by LaRose on March 6, 2017. Also attached to Scott's affidavit was a copy of Juergens's handwritten grievance, dated March 6, 2017, in which Juergens alleged that his employment was terminated without just cause and seeking reinstatement with back pay and benefits.

**{¶21}** Juergens opposed appellees' motion, arguing that his complaint was timely filed because the 180-day statute of limitations on his age discrimination claim was tolled until the completion of the grievance process. In his affidavit attached to his brief, Juergens averred that appellees told him that his termination would not be "official" until the grievance procedures were "complete." Juergens further averred that he received notice from appellees on March 15, 2017, that his grievance had been denied at step three of the procedure. Thus, Juergens argued that under the CBA, which provides that a grievance is considered withdrawn if a request for arbitration is not received by the company within ten working days after the company's decision at step three, his termination date was March 25, 2017. Because 180 days from March 25 is September 21, 2017, the day he filed his complaint, Juergens contended that his age discrimination claim under R.C. 4112.02 was timely filed.

**{¶22}** On appeal, Juergens contends that his affidavit created an issue of fact regarding his termination date and, therefore, the trial court erred in deciding a disputed factual issue when it determined that he was discharged on March 6, 2017 and that his complaint was therefore untimely filed. Juergens contends that the trial court impermissibly accepted Scott's assertion regarding the termination date over his sworn affidavit. He argues further that, in any event, even if Scott's affidavit were true, the grievance procedure tolled the statute of limitations. We disagree with both arguments.

**{¶23}** In Ohio, "'[a] cause of action does not accrue until such time as the infringement of a right arises. It is at this point that the time within which a cause of action is to be commenced begins to run.'" *Kozma v. AEP Energy Servs.*, 10th Dist. Franklin No. 04AP643, 2005-Ohio-1157, ¶ 24, quoting *State ex rel. Teamsters Local Union 377 v. Youngstown*, 50 Ohio St.2d 200, 203-204, 364 N.E.2d 18 (1977). The statute of limitations is triggered on the

"date upon which the defendant's employment practice became presently injurious (i.e., infringed on the plaintiffs' right to be free from unlawful discrimination)." *Id.* at ¶ 41.

{¶24} It is apparent that LaRose's "employment practice" became "presently injurious" to Juergens on March 6, 2017, when LaRose terminated his employment. LaRose issued a written "Notice of Termination" on March 6, 2017, identifying Juergens's misconduct and indicating that the "disposition" was "termination from employment." That same day, Juergens filed a handwritten grievance in which he wrote "my employment was terminated" and requested that LaRose "reinstate my employment with back pay and benefits." Thus, by Juergens's own account, he was no longer employed or being paid or provided with any benefits as of March 6, 2017. Accordingly, the statute of limitations for Juergens's age discrimination claim began to run on March 6, 2017. *Oker v. Ameritech Corp.*, 89 Ohio St.3d 223, 224, 729 N.E.2d 1177 (2000) ("The statute of limitations period applicable to age discrimination claims brought under R.C. Chapter 4112 begins to run on the date of the employee-plaintiff's termination from defendant-employer.")

{¶25} Because an age discrimination claim under R.C. 4112.02 must be brought "within one hundred eighty days after the alleged unlawful discriminatory practice occurred," to be timely, Juergens was required to file his age discrimination claim on or before September 5, 2017. He did not file his complaint until September 21, 2017, however, nearly three weeks after the statute had run, and therefore, his claim is barred as a matter of law. *See, e.g.*, *Gribbons v. Acor Orthopedic, Inc.*, 8th Dist. Cuyahoga No. 84212, 2004-Ohio-5872, ¶ 28 (trial court properly dismissed plaintiff's age discrimination claim under R.C. 4112.02 because the complaint was filed more than 180 days after he was terminated from employment); *Vickers v. Wren Indus.*, 2d Dist. Montgomery No. 20914, 2005-Ohio-3656, ¶ 24 (summary judgment in favor of

defendant-employer affirmed where plaintiff's age discrimination claim was filed more than 180 days after he was terminated from employment); *Kozma*, 2005-Ohio-1157 at ¶ 43 (trial court properly granted summary judgment to defendant because plaintiff's age discrimination claim was filed more than 180 days after he was notified of his termination).

{¶26} Juergens attempts to avoid this result by creating an issue of fact regarding his termination date. He asserts that, as averred in his affidavit, LaRose told him that his termination would not be "official" until the grievance procedure was completed, which according to him was March 25, 2017.

{¶27} But common sense dictates that an employee cannot grieve his discharge from employment until he has actually been discharged. Juergens obviously knew that he had been discharged as of March 6, 2017; he filed a grievance that same day, starting that his employment had been terminated without just cause and requesting back pay and benefits.

{¶28} Moreover, it is well established that

> a party's unsupported and self-serving assertions, offered by way of affidavit, standing alone and without corroborating materials under Civ.R. 56, will not be sufficient to demonstrate material issues of fact. Otherwise, a party could avoid summary judgment under all circumstances solely by simply submitting such a self-serving affidavit containing nothing more than bare contradictions of the evidence offered by the moving party.

*Davis v. Cleveland*, 8th Dist. Cuyahoga No. 83665, 2004-Ohio-6621, ¶ 23, quoting *Bell v. Beightler*, 10th Dist. Franklin No. 02AP-569, 2003-Ohio-88, ¶ 33. Thus, "the nonmoving party may not avoid summary judgment solely by submitting a self-serving affidavit containing no more than bald contradictions of the evidence offered by the moving party." *C.R. Withem Ents. v. Maley*, 5th Dist. Fairfield No. 01 CA 54, 2002-Ohio-5056, ¶ 24.

{¶29} That is precisely what Juergens tried to do with his self-serving affidavit. He offered no corroborating evidence whatsoever to support his claimed termination date of March

25, 2017. In contrast, the March 6, 2017 termination date set forth in Scott's affidavit is supported by the "Notice of Termination" issued on March 6, 2017, informing Juergens that his employment was terminated, as well as Juergens's grievance form dated March 6, 2017, in which he claimed, in his own handwriting, that his employment was terminated without just cause and requested that he be reinstated with back pay and benefits.

**{¶30}** Moreover, even assuming for purposes of argument that Juergens's employment did not become "official" until the grievance procedure was completed, the process ended at the latest on March 18, 2017, when Juergens received the Union's written notification that it would not take his grievance to arbitration. One hundred eighty days from March 18, 2017 is September 14, 2017, a week before Juergens filed his complaint. Any argument that Juergens extended the process beyond March 18 by unilaterally requesting arbitration from LaRose is without merit. The CBA is clear that the Union is the sole representative for the employees, and nothing in the CBA gives Juergens the right to request arbitration on his own.

**{¶31}** We also reject Juergens's assertion that even if he was terminated on March 6, 2017, the grievance process tolled the statute of limitations. As recognized by the Tenth District, "[t]he United States Supreme Court has held that equitable tolling is not permitted to extend the statute of limitations to file a wrongful termination lawsuit while an employee pursues an internal grievance process regarding her termination." *Lesko v. Riverside Methodist Hosp.*, 10th Dist. Franklin No. 04AP-1130, 2005-Ohio-3142, ¶ 9. Likewise, the Sixth Circuit has made clear that "[i]t is well settled in this circuit that union grievance procedures * * * do not toll the statute of limitations." *Chance v. Mahoning Cty.*, 6th Cir. No. 03-3017, 2004 U.S. App. LEXIS 13711, * 8 (June 22, 2004).

**{¶32}** Juergens argues that *Garrish v. Intl. Union*, 417 F.3d 590 (6th Cir. 2005), supports his tolling argument, but we are not persuaded. *Garrish* involved a hybrid action under Section 301 of the Labor Management Relations Act, 29 U.S.C. 185. By law, before bringing a Section 301 claim, an employee must first exhaust any grievance remedies provided in the collective bargaining agreement. *Id*. at 594. There is no such requirement under Ohio law for a claim of age discrimination under R.C. 4112.02. And Juergens did not bring a Section 301 claim; he brought a claim for age discrimination under R.C. 4112.02. Thus*, Garrish* is not applicable to this case.

**{¶33}** Likewise, Juergens's assertion that *Oker*, 89 Ohio St.3d 223, 729 N.E.2d 1177 (2000), and *Zindroski v. Parma City School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga No. 93583, 2010-Ohio-3188, support his argument is without merit. In *Oker*, the Ohio Supreme Court held that the statute of limitations for an age discrimination claim under R.C. Chapter 4112 begins to run on the date of the employee's termination from the employer, which in this case was March 6, 2017. Moreover, *Oker* did not address any tolling issues. In *Zindroski*, this court found that the statute of limitations for a discrimination claim under R.C. Chapter 4112 begins to run on the date the alleged unlawful discriminatory practice occurred. *Id.* at ¶ 35. The alleged age discrimination in this case occurred on March 6, 2017, when Juergens's employment was terminated.

**{¶34}** Our de novo review of the record demonstrates there is no genuine issue of material fact regarding Juergens's termination date. He was terminated on March 6, 2017, and was therefore required to bring his age discrimination claim under R.C. 4112.02 within 180 days of his termination. Because he did not do so, his claim is barred by the statute of limitations. Accordingly, the trial court properly granted summary judgment to appellees.

**{¶35}** Because Juergens's age discrimination claim is time barred, we need not address appellees' argument that Juergens's claim is also barred because he had the opportunity to arbitrate his claim. *See Meyer v. UPS*, 122 Ohio St.3d 104, 2009-Ohio-2463, 909 N.E.2d 106, ¶ 53, citing the "cardinal principle of judicial restraint — if it is not necessary to decide more, it is necessary not to decide more."

**{¶36}** The first assignment of error is overruled.

**C.      Alternative Age Discrimination Claim under R.C. 4112.14**

**{¶37}** In his second assignment of error, Juergens contends that the trial court committed reversible error by not allowing him to alternatively proceed under R.C. 4112.14, which has a six-year statute of limitations.

**{¶38}** Juergens contends that under Ohio's liberal notice pleading requirements, his assertions at paragraphs 46 and 50 of his complaint that he was a member of a protected class under R.C. 4112.14(B) and that LaRose replaced him with a younger person not in the protected class adequately pleaded a prima facie cause of action under R.C. 4112.14. He further contends that he simultaneously filed a claim under R.C. 4112.14 by pleading that appellees violated R.C. 4112.99. Finally, Juergens contends that at a minimum, the trial court should have allowed him to amend his complaint to include a claim for violation of R.C. 4112.14. Juergens's arguments are without merit.

**{¶39}** R.C. 4112.02(L) prohibits an individual who files a civil action pursuant to R.C. 4112.02 from instituting a civil action under R.C. 4112.14. Specifically, it states, "[a] person who files a civil action under this division [R.C. 4112.02(L)] is barred, with respect to the practices complained of, from instituting a civil action under section 4112.14 of the Revised

Code * * *." Likewise, R.C. 4112.14(B) provides that a plaintiff who proceeds under R.C. 4112.14 cannot bring a claim for age discrimination under R.C. 4112.02.

{¶40} Thus, the Ohio Supreme Court has found that a plaintiff must elect which statute he is proceeding under when bringing an age discrimination claim. *Leinenger v. Pioneer Natl. Latex*, 115 Ohio St.3d 311, 2007-Ohio-4921, 875 N.E.2d 36, ¶ 31. *See also Dunn v. GoJo Indus.*, 9th Dist. Summit No. 28392, 2017-Ohio-7230, ¶ 36 ("When bringing an age discrimination claim, a plaintiff must elect which statute she is proceeding under — 4112.02, 4112.05 or 4112.14."). The sections are mutually exclusive, and it is the responsibility of the aggrieved employee, not the court, to determine under which section he will bring his claim. *Wood v. Summit Cty. Fiscal Office*, 6th Cir. No. 08-4534, 2010 U.S. App. LEXIS 9999, *4 (May 14, 2010).

{¶41} Juergens clearly elected to bring his claim under R.C. 4112.02. He titled his complaint "Count I: Wrongful Termination Based on Age Discrimination in Violation of R.C. 4112.02 and R.C. 4112.99." Further, paragraph 48 of his complaint states, "[t]he Defendants violated R.C. 4112.02 and R.C. 4112.99 by treating Juergens differently from other similarly situated, significantly younger employees." There is no mention whatsoever of any violation of R.C. 4112.14.

{¶42} Juergens's complaint also sought compensatory and punitive damages and damages for emotional, physical, and other distress — damages that are statutorily available under R.C. 4112.02 but not available to a plaintiff proceeding under R.C. 4112.14(B). *Campolieti v. Cleveland Dept. of Pub. Safety*, 8th Dist. Cuyahoga No. 99445, 2013-Ohio-5123, ¶ 44 (trial court erred in awarding the plaintiff compensatory and emotional distress damages on his R.C. 4112.14 claim; plaintiff was limited to the relief provided under R.C. 4112.14(B), which did not include

compensatory damages); *Jones v. Bd. of Elections*, 8th Dist. Cuyahoga No. 83470, 2004-Ohio-4750, ¶ 10 (R.C. 4112.14 does not include a remedy for compensatory, punitive, and/or exemplary damages).

**{¶43}** By the terms of his complaint, Juergens elected to proceed solely under R.C. 4112.02. He is therefore barred from bringing a claim under R.C. 4112.14. Juergens's assertions in his complaint that he was a member of a protected class "as defined by R.C. 4112.14" do not change this result. Juergens's mere mention of a protected class did not plead a cause of action under R.C. 4112.14(B), especially because Juergens's complaint affirmatively stated that he was bringing his age discrimination claim pursuant to R.C. 4112.02.

**{¶44}** And Juergens did not raise with the trial court his argument that he simultaneously filed a claim under R.C. 4112.14 by pleading that appellees violated R.C. 4112.99. It is axiomatic that errors not raised in the trial court may not be raised for the first time on appeal. *Milling Away L.L.C. v. UGP Props. L.L.C.*, 8th Dist. Cuyahoga No. 95751, 2011-Ohio-1103, ¶ 12, citing *State ex rel. Zonner v. Indus. Comm.*, 66 Ohio St.3d 276, 278, 611 N.E.2d 830 (1993). Accordingly, Juergens has waived all but plain error on this argument for purposes of appeal. *Ohio Valley Bus. Advisors, L.L.C. v. AER Inv. Corp.*, 8th Dist. Cuyahoga No. 104771, 2017-Ohio-1283, ¶ 18.

**{¶45}** Juergens does not acknowledge his failure to raise this argument in the trial court, nor does he invoke the plain-error doctrine on appeal. Under these circumstances, we need not address it. *Id.* at ¶ 19. Further, in civil cases, the plain error doctrine is not favored, and may be applied only in the extremely rare case where "error, to which no objection was made at the trial court, seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself." *Goldfuss v.*

*Davidson*, 79 Ohio St.3d 116, 679 N.E.2d 1099, syllabus (1997). Those exceptional circumstances do not exist here.

**{¶46}** As his complaint makes clear, Juergens elected to bring his age discrimination claim under R.C. 4112.02; he did not plead an alternative claim under R.C. 4112.14. Thus, the trial court did not err in not allowing him to proceed under R.C. 4112.14.

**{¶47}** Nor did the trial court abuse its discretion in not allowing him to amend his complaint to add such a claim. To demonstrate an abuse of discretion in denying a motion to amend, the appellant must demonstrate that the trial court's denial was "unreasonable, arbitrary, or unconscionable." *Krzywicki v. Gay*, 8th Dist. Cuyahoga No. 105039, 2017-Ohio-5584, ¶ 12. The plain text of R.C. 4112.02(L) provides that a person who brings a claim pursuant to that section is barred from instituting a civil action under R.C. 4112.14. Because Juergens elected to bring his claim under R.C. 4112.02, he was barred from amending his complaint to assert a claim under R.C. 4112.14 in order to take advantage of the six-year statute of limitations. Accordingly, the trial court's decision denying his motion to amend was neither unreasonable, arbitrary, nor unconscionable.

**{¶48}** The second assignment of error is overruled.

**D.  Additional Discovery Under Civ.R. 56(F)**

**{¶49}** In his third assignment of error, Juergens contends that the trial court committed reversible error by not allowing any discovery before it ruled on appellees' motion for summary judgment, and by denying his Civ.R. 56(F) motion for an extension of time to conduct discovery.

**{¶50}** Civ.R. 56(F), which permits the trial court to allow additional time for discovery to oppose a summary judgment motion, states:

Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just.

**{¶51}** It is well established that the trial court has considerable discretion in the regulation of discovery proceedings. *Scanlon v. Scanlon,* 2013-Ohio-2694, 993 N.E.2d 855, ¶ 24 (8th Dist.). Thus, we will not reverse its judgment regarding a Civ.R. 56(F) motion absent an abuse of that discretion. *Id.* An abuse of discretion occurs when the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶52}** The party seeking additional time to respond to a motion for summary judgment must present sufficient reasons that would justify the requested continuance, and do more than merely assert generally the need for additional discovery. *Grill v. Artistic Renovations*, 8th Dist. Cuyahoga No. 105882, 2018-Ohio-747, ¶ 33. "There must be a factual basis stated and reasons given why the party cannot present facts essential to its opposition to the motion." *Penix v. Avon Laundry & Dry Cleaners*, 8th Dist. Cuyahoga No. 91355, 2009-Ohio-1362, ¶ 31.

**{¶53}** On this record, we find no abuse of discretion. The issues raised in appellees' motion for summary judgment were purely issues of law, not fact. Thus, the trial court did not abuse its discretion in ordering all discovery stayed pending a ruling on appellees' motion. Moreover, counsel's affidavit submitted with the Civ.R. 56(F) motion for additional time to conduct discovery fell short of the showing necessary to warrant granting a Civ.R. 56(F) motion. It stated only generally that Juergens had not had the opportunity to conduct discovery, and evidence would be needed to "properly respond" to appellees' motion for summary judgment. The affidavit offered no explanation why Juergens could not adequately oppose appellees'

motion without additional discovery, especially in light of the fact that the issues to be determined by appellees' summary judgment motion were purely issues of law.

{¶54} We likewise find no merit to Juergens's argument that he should have been allowed discovery regarding whether Scott was out of town during the statute of limitations period because R.C. 2305.15 would have tolled his claims against Scott for each day Scott was out of the state.   By its express terms, R.C. 2305.15 does not apply to claims arising under R.C. Chapter 4112.  *Brisk v. Draf Industries*, 10th Dist. Franklin No. 11AP-233, 2012-Ohio-1311, ¶ 25 (R.C. 2305.15 provides for the tolling of periods of limitation only with respect to sections 2305.04 to 2305.14, 1302.98, and 1304.35 of the Revised Code); *Garrett v. Gill*, 1st Dist. Hamilton No. C-100624, 2011-Ohio-3449, ¶ 18 ("By its plain language, R.C. 2305.15 is only applicable to the specific limitation-of-action statutes it identifies.").   The third assignment of error is therefore overruled.

{¶55} Judgment affirmed.

It is, therefore, considered that said appellees recover of appellant their costs herein.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
KATHLEEN ANN KEOUGH, JUDGE

SEAN C. GALLAGHER, P.J., and
PETER HANDWORK, J.,* CONCUR

*(Sitting by assignment: Judge Peter Handwork, retired, of the Sixth District Court of Appeals).